**Jerris WISE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 85–1974.**

United States Court of Appeals,
Federal Circuit.

Dec. 30, 1985.

Mary Janice Lintner, Lynch, Sherman & Cox, Louisville, Ky., argued, for petitioner. With her on brief was Donald L. Cox.

Rita S. Arendal, Merit Systems Protection Board, Washington, D.C., argued, for respondent. With her on brief were Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation, and Marsha E. Mouyal, Reviewer of Litigation.

Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and DAVIS, Circuit Judge.

DAVIS, Circuit Judge.

Petitioner Jerris Wise appeals from the decisions of the Merit Systems Protection Board (MSPB or Board), 23 M.S.P.R. 666, denying his motion for attorney fees under the Civil Service Reform Act, 5 U.S.C. § 7701(g)(1) (1982), and corresponding Board regulations, 5 C.F.R. § 1021.37(a) (1985). We affirm the decisions of the Board because we agree that an award of attorney fees in this case is not warranted in the interest of justice.

I.

Petitioner was an air traffic control specialist with the Department of Transportation (DOT), Federal Aviation Administration (FAA), at Standiford Field in Louisville, Kentucky. On August 3, 1981 the Professional Air Traffic Controllers Organization (PATCO) voted to strike. Petitioner attended the strike vote and was absent without leave from work that day. On August 4, 1981[1] he contacted Congressman Gene Snyder (of petitioner's district) and informed him that, along with others, he wanted to return to work but was afraid

---

1. Apparently in response to President Reagan's televised speech on August 3, 1981.

to cross the picket line. The next day Snyder telephoned Tim Cole, a congressional aide with the DOT's Office of Congressional Relations and told him of the group's desire to return to work. Cole requested a list of names from Snyder and indicated that the group could be reinstated after a security check was performed to verify strike non-participation. Petitioner's deadline for returning to work, in accordance with the President's amnesty period, was August 6, 1981. On August 7, 1981 petitioner delivered the list of names to Snyder who subsequently relayed the information to Cole. On the same day, Snyder also informed Jim Berry, Tower Chief at Standiford Field and the agency's deciding official in this case, that the group wanted to return to work. Snyder did not, however, inform Berry of his contacts with Cole in the DOT's Washington office.

On August 10, 1981 Berry issued petitioner a proposed notice of removal because he failed to (1) meet his August 6 return-to-work deadline and (2) contact the agency to explain his absence. During his oral reply to Berry, petitioner informed him of the contacts with Snyder but did not specifically state that an agreement existed between Snyder and Cole (or the agency).[2]

Petitioner's removal became final on August 30, 1981. On appeal to the MSPB, the presiding official reversed the agency's decision to remove Wise. The basis of the presiding official's determination was a letter from Congressman Snyder to the chief appeals officer of the Board's Atlanta Regional Office describing Snyder's efforts on behalf of petitioner and the other controllers. On the strength of Snyder's representations, the presiding official found that, although Wise had initially participated in the strike, he had attempted through his contacts with the DOT to meet his deadline and return to work. Petitioner's subsequent motion for attorney fees, as a prevailing party, was denied in an addendum decision. The full Board declined review although it agreed that Wise was the prevailing party. The only question before us is whether an award of attorney fees to him "is warranted in the interest of justice."

## II.

Petitioner contends that an award of attorney fees is warranted in the interest of justice because (1) the FAA "knew or should have known that it would not prevail on the merits when it brought the proceeding" and (2) he is "substantially innocent of the charges" brought by the FAA. The first argument is premised on the fact that the deciding official was aware that Snyder was working with the DOT to arrange for his return to work and should have further investigated the matter. In addition, petitioner urges that he was substantially innocent of the charges brought against him because the evidence before the Board clearly showed that he did not participate in the PATCO strike and in fact attempted to return to work prior to the strike deadline.

Respondent asserts that the agency neither knew nor should have known that it would not prevail on the merits because petitioner failed to provide the agency with sufficient information that would trigger the agency's duty to investigate further the merits of the removal action. Similarly, respondent contends that petitioner was not substantially innocent of the charges brought against him because the agency had a reasonable basis for the removal action since petitioner both participated in the strike and withheld important exculpatory evidence from the agency's deciding official.

■ The Civil Service Reform Act of 1978, 5 U.S.C. § 7701(g)(1) (1982), states that the MSPB "*may* require payment by the agency involved of reasonable attorney fees incurred by any employee ... if the employee ... is the prevailing party and the Board ... determines that payment is

---

**2.** In fact, petitioner testified that he did not trust Berry or anyone within the FAA management and that he didn't want to give Berry any more information than he felt was absolutely necessary.

warranted in the interest of justice." (Emphasis added.) *See also* 5 C.F.R. § 1201.-37(a) (1985). It is established that there are two prerequisites that must be fulfilled before the Board will award attorney fees. *Sterner v. Department of the Army,* 711 F.2d 1563, 1566 (Fed.Cir.1983). Petitioner must show that he was the prevailing party and that an award of attorney fees is warranted in the interest of justice. *Id.*

The MSPB has set forth the following guidelines to aid in determining whether attorney fees are warranted in the interest of justice.

1. Where the agency engaged in a "prohibited personnel practice" (§ 7701(g)(1));

2. Where the agency's action was "clearly without merit" (§ 7701(g)(1)), or was "wholly unfounded," or the employee is "substantially innocent" of the charges brought by the agency;

3. Where the agency initiated the action against the employee in "bad faith," including:

   a. Where the agency's action was brought to "harass" the employee;

   b. Where the agency's action was brought to "exert improper pressure on the employee to act in certain ways";

4. Where the agency committed a "gross procedural error" which "prolonged the proceeding" or "severely prejudiced" the employee;

5. Where the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding.

*Allen v. United States Postal Service,* 2 MSPB 582, 593, 2 M.S.P.R. 420, 434 (1980) (citations omitted).

The MSPB, in *Allen,* emphasized that the list was not exhaustive, but illustrative and "should serve primarily as directional markers toward 'the interest of justice'—a determination which, at best, can only be approximate." *Id.* Petitioner backs up his request for attorney fees by focusing on category 2 and category 5.

The whole theory behind category 2's "substantially innocent" concept is that an individual who is substantially innocent of the charges brought against him, and nevertheless has a case brought against him, but is ultimately vindicated by the Board, is entitled to attorney fees in the interest of justice. In *Allen,* the MSPB conducted a thorough review of the legislative history of the "in the interest of justice" concept as embodied in the Civil Service Reform Act and discerned that the Congress was troubled with the inherent injustice of dragging an innocent individual through expensive and time-consuming legal proceedings. *Allen,* 2 MSPB at 598, 2 M.S.P.R. at 430.[3]

Category 5 suggests that attorney fees are warranted in the interest of justice if the agency "knew or should have known" that it would not prevail on the merits. Under this category, the Board must "appraise the agency's decision to carry through the action against the employee. If the agency was *negligent* in its conduct of the investigation then the agency 'knew or should have known' not to take the action." *Yorkshire v. Merit Systems Protection Board,* 746 F.2d 1454, 1457 (Fed. Cir.1984) (emphasis added). However, "[t]he fact that the presiding official [of the MSPB] later found that the charge was not supported by a preponderance of the

**3.** Senator Mathias stated at the Senate Committee Mark-Up Session that the "warranted in the interest of justice" standard "is an attempt to allow the court or the board the discretion to choose cases where the employee has been dragged through a lengthy and costly legal proceeding while in fact he was innocent of the charges." *Allen,* 2 MSPB at 589, 2 M.S.P.R. at 430, *quoting* Transcript of Senate Committee on Government Affairs' Markup Session on S. 2640, 95th Cong., 2d Sess. 123 (1976).

In addition, the report accompanying the Senate bill states that "[e]mployees whose agencies have taken unfounded actions against them may spend a considerable amount of money defending themselves against these actions." *Id.* at 588, 2 M.S.P.R. at 429, *quoting* S.Rep. No. 95–969, 95th Cong., 2d Sess. 60 (1978), U.S.Code Cong. & Admin.News 1978, pp. 2723, 2782.

evidence does not establish that it was negligently brought or was clearly without merit." *Batchelder v. Department of the Treasury*, 12 MSPB 227, 228, 14 M.S.P.R. 37, 39 (1982).

## III.

Of course, the Board has considerable discretion in determining whether an award is warranted in the interest of justice. This court can only set aside Board decisions that are arbitrary, capricious, contrary to the law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982). *See, e.g., Sterner*, 711 F.2d at 1568.

■ The presiding official specifically found here that petitioner participated in the PATCO strike and failed to report to his scheduled shift during the amnesty period. That official also found, however, that petitioner did attempt to return to work prior to the amnesty deadline through contacts with Congressman Snyder and the DOT. In any case, it is undisputed that the critical information contained in the letter from Snyder to the chief appeals officer of the Board's Regional Office—upon which the presiding official based his conclusion reversing the decision of the deciding official to remove petitioner—was known to petitioner at the time of his appearance before the agency's deciding official. Petitioner deliberately withheld this information from the deciding official and only released it after his appeal to the MSPB, *i.e.,* at his hearing before the Board's presiding official.

It is implicit in the legislative history of the Civil Service Reform Act and the Board's decision in *Allen* that the "substantially innocent" standard is not satisfied by an individual such as petitioner who (1) knows that he is substantially innocent of the charges brought against him, (2) can prove his substantial innocence, and (3) deliberately does not communicate all the facts to the deciding official which would lead the deciding official to rule against the removal action.[4] Such an individual brings the consequences of the agency's legal proceedings upon himself and is in no way an innocent victim who is entitled to the award of attorney fees in the interest of justice.[5]

As for petitioner's argument that the agency knew or should have known that it would not prevail on the merits, we do not find arbitrary or capricious the presiding official's conclusion that it was not unreasonable for the deciding official to remove petitioner based on the charges and the information available to him *at that time.* Although the deciding official was aware of the fact that petitioner had a conversation with Snyder, he did not know that Snyder had an "agreement" with Cole or even a conversation with him—information that petitioner should have communicated to the deciding official. If Wise, in this instance, had brought to the attention of Berry (the agency's deciding official) the arrangement between Congressman Snyder and DOT's Cole, it is highly likely that the agency would not have effected the removal.

Furthermore, petitioner's reliance upon *Steger v. Defense Invest. Service*, 717 F.2d 1402 (D.C.Cir.1983), for the proposition that the deciding official was negligent in failing to investigate exonerating evidence is misplaced. In *Steger*, the employee—at his oral reply before the deciding official—presented eleven written and signed statements that completely rebutted the charges contained in the two affidavits upon which his removal was based. In this case, however, petitioner deliberately withheld significant evidence from the deciding official. The agency decision not to investigate further the merits of the charge was not negli-

---

**4.** The Board has expressly stated that "[i]n making [a substantially innocent determination], the presiding official should examine the degree of fault on the employee's part and the existence of any reasonable basis for the agency's action." *Allen,* 2 MSPB at 593 n. 35, 2 M.S.P.R. at 432 n. 35.

**5.** Although petitioner cites our decision in *Yorkshire* to support his request for attorney fees, that decision did not cover a case where the employee intentionally prevented the deciding official from deciding the matter with full knowledge of the relevant facts.

gent because petitioner failed to present DOT with the appropriate information which could have triggered a further inquiry.

### IV.

In sum, we hold that the decision of the Board denying petitioner's request for attorney fees is not arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Attorney fees are not warranted in the interest of justice when the administrative process is deliberately and improperly drawn out by the actions of the prevailing party himself.

*Affirmed.*