Edmund J. MASSA, Jr., Petitioner,

v.

DEPARTMENT OF DEFENSE,
Respondent.

Appeal No. 86–1404.

United States Court of Appeals,
Federal Circuit.

Nov. 18, 1987.

George F. Kelly, of Ryan & White, Springfield, Mass., argued for petitioner. With him on the brief was Marcia Brayton Julian, of Ryan & White, Springfield, Mass.

Diane L. Donley, of the Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan. John Monahan, of the Defense Logistics Agency, Boston, Mass., of counsel.

Before MARKEY, Chief Judge, and NIES and BISSELL, Circuit Judges.

ORDER

BISSELL, Circuit Judge.

Pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii) (1982), and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(3) (Supp. III 1985) (EAJA), Massa has applied for attorney fees and expenses with respect to the legal work performed in connection with his challenge before the Merit Systems Protection Board (Board) and his appeal to this court. By published opinion, *Massa v. Department of Defense*, 815 F.2d 69 (Fed.Cir.1987), this court reversed the Board's decision affirming Massa's removal.

*Fees at the Board*

It is well-settled that the law does not permit Massa to receive an attorney fees award under the EAJA for legal services rendered before the Board. *Gavette*

*v. Office of Personnel Management*, 808 F.2d 1456, 1461 (Fed.Cir.1986); *Olsen v. Department of Commerce*, 735 F.2d 558, 562 (Fed.Cir.1984). He can receive such an award under the Back Pay Act, but no award of expenses is available under that Act. *Gavette*, 808 F.2d at 1462.

To qualify under the Back Pay Act, Massa must have prevailed before the Board, and the award must be warranted in the interest of justice. 5 U.S.C. §§ 5596(b)(1)(A)(ii), 7701(g)(1) (1982); *Sterner v. Department of the Army*, 711 F.2d 1563, 1565–66 (Fed.Cir.1983). Massa was the "prevailing party" when this court reversed the Board's decision. *Gavette*, 808 F.2d at 1461. A court *"may* require payment by the agency involved of reasonable attorney fees [if the court] ... determines that payment by the agency is warranted in the interest of justice ..." (emphasis added). 5 U.S.C. § 7701(g)(1); *see* 5 U.S.C. § 5596(b)(1)(A)(ii). The use of the permissive "may" establishes that the court has significant discretion in deciding when an award is proper. *See Allen v. United States Postal Serv.*, 2 MSPB 582, 591, 2 M.S.P.R. 420, 433 (1980). We exercise that discretion by looking to the five categories set out by the Board in *Allen*, 2 MSPB at 592–93, 2 M.S.P.R. at 433–35, to assist us in determining whether an award is in the interest of justice. *Sterner*, 711 F.2d at 1569–70. These categories are only non-exhaustive directional markers toward defining "the interest of justice." *Id.* "Divination of that elusive objective must, in the most rigorous but still fallible last analysis, rely upon an impartial and rational sense of fairness constrained by practicality." *Allen*, 2 MSPB at 593–94, 2 M.S. P.R. at 434–36 (footnote omitted).

Turning to Category 2, we now consider whether Massa was "substantially innocent" of the agency's charges, which in and of itself is an operative *Allen* guideline. *Van Fossen v. Merit Sys. Protection Bd.*, 788 F.2d 748, 749 (Fed.Cir.1986). The substantially innocent standard does not mean that anytime an employee prevails before the Board, he is entitled to fees. *Yorkshire v. Merit Sys. Protection Bd.*,

746 F.2d 1454, 1457–58 (Fed.Cir.1984). An applicant for fees certainly must go beyond an agency's failure to prove its charges by preponderant evidence in order to get fees under this standard. Indeed, we have denied fees under the substantially innocent standard notwithstanding the Board's reversal of an agency removal action. *Wise v. Merit Sys. Protection Bd.*, 780 F.2d 997 (Fed.Cir.1985) (after Board reversed an air traffic controller's removal, this court denied a fee award under substantially innocent standard because appellant deliberately had not told agency's deciding official of facts that would have led the official to rule against removal action).

■■■ In short, the substantially innocent standard means that, based on the record established before the Board, an employee is essentially without fault for the charges alleged, and was needlessly subjected to attorney fees in order to vindicate himself. *Allen*, 2 MSPB at 593 n. 35, 2 M.S.P.R. at 434 n. 35; *see also Boese v. Department of Air Force*, 784 F.2d 388, 391 n. 4 (Fed.Cir.1986); *Yorkshire*, 746 F.2d at 1457. As this court has stated, Congress did not intend the substantially innocent standard to punish agency misconduct, but "to minimize the burden an unsubstantiated accusation places upon innocent employees." *Yorkshire*, 746 F.2d at 1457. Thus, regardless of whether an employee prevails on all or only some of the contested charges, the closeness of the evidence is a factor to be considered in determining whether the employee is substantially innocent. *See Thomson v. Merit Sys. Protection Bd.*, 772 F.2d 879, 881 (Fed.Cir. 1985).

■■ In this case, the record shows that the agency lacked sufficient evidence to establish that Massa *accepted* gratuities *from a government contractor. Massa*, 815 F.2d at 72–73. Massa, however, did not win by default. He consistently asserted from the outset of the agency's action that he attended the racetrack at his father's invitation with the understanding that his father would pay a portion of the expenses, and without knowingly accepting anything from the contractor's agent, Mr.

Potoker. Without an evidentiary basis to refute Massa's explanation, the agency nonetheless removed him. Despite early and continuing notice of Massa's position, the agency was unable to marshal enough evidence to overcome it. Massa was nothing less than an "innocent victim" of the agency's improper conduct. *See Wise*, 780 F.2d at 1000. Having considered the record as a whole, we conclude that Massa was essentially without fault for the charges alleged and needlessly subjected to attorney fees. Thus, he was "substantially innocent," and is entitled to an award of fees in the interest of justice.

The government contends that Massa was not substantially innocent of the prosecuted charges because of "the evidence of Mr. Massa's admissions that he accepted free passes and box seats at the Saratoga Raceway *from* Mr. Potoker in 1983 and 1984." (Emphasis added.) We have found no such evidence in the record. Rather, the record merely reveals a statement by Massa that "the admission to Saratoga Race Track was provided by way of free passes for everyone and that consequently neither Mr. Potoker nor the contractor paid anything in order to gain admission to the racetrack that day nor did he pay anything in order to secure the seating arrangements." In view of this, we must conclude that the government's contention is without merit.

We grant Massa's application for attorney fees for services performed before the Board. Because the parties dispute what is the appropriate amount of the award, we remand to the Board to make that determination. *Gavette*, 808 F.2d at 1461–62.

### *Fees on Appeal*

Petitioner appropriately invokes both the Back Pay Act and the EAJA in his application for fees with respect to his appeal to this court. *See Gavette*, 808 F.2d at 1465; *Olsen*, 735 F.2d at 562. Lacking precedent as to which statute to consider first, we address this issue.

Because this court has held that the EAJA *supplements* the Back Pay Act, *Gavette*, 808 F.2d at 1465 (quoting *United*

*States v. 329.73 Acres of Land,* 704 F.2d 800, 807 (5th Cir.1983)), we are persuaded to look first to the Back Pay Act. Doing so is particularly appropriate because an award under the Back Pay Act is usually more generous than one under the EAJA, *compare* 5 U.S.C. § 5596(b)(1)(A)(ii) (allowing award of *reasonable* fees) *with* 28 U.S.C. § 2412(d)(2)(A)(ii) (Supp. III 1985) (limiting award to hourly rate of $75.00), and one must satisfy a higher standard to win an award under the Back Pay Act than to win an award under the EAJA. *Gavette,* 808 F.2d at 1464–65.

 This analysis applies whenever applicants such as Massa invoke both the Back Pay Act and the EAJA. Nothing in our discussion, however, precludes an applicant from seeking fees under only one of these statutes. *See id.* (Gavette sought fee award only under EAJA). For those who do so, we will consider their applications under the invoked statute without requiring them first to prove the inapplicability of the other. *Id.* at 1465.

Under our analysis, we look first to the Back Pay Act and conclude that petitioner is entitled to an award on appeal for the same reasons we granted an award for proceedings before the Board. We do not award expenses because these may not be recovered under the Back Pay Act. *Id.* at 1462. Having so concluded, we must deny fees and expenses under the EAJA because the EAJA does not apply to situations covered by the Back Pay Act. *Id.,* at 1465.

The government contests as excessive the fees Massa seeks for the principal attorney and the associate attorney who worked on his appeal. George Kelly, the principal attorney, billed at an hourly rate of $125.00, and Ms. Julian, the associate, billed at an hourly rate of $75.00. Mr. Kelly certified that similarly situated firms in his locale usually bill at such rates, and the government has supplied no reason to dispute this. Moreover, these rates are reasonable. Accordingly, we grant Massa's application to the following extent:

| | | |
|---|---|---|
| George Kelly 45.6 hours @ $125 | = | $5,700.00 |
| Ms. Julian ...31.1 hours @ $75 | = | $2,332.50 |
| TOTAL | | $8,032.50 |

IT IS THEREFORE ORDERED that Massa is entitled to recover the sum of $8,032.50 for attorney fees. Accordingly, judgment is entered for Massa for the sum of $8,032.50 plus costs. The remainder of the application is remanded to the Board.