845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Benjamin E. CAYABAN, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 87-3260.
 United States Court of Appeals, Federal Circuit.
 Feb. 2, 1988.
 
 Before EDWARD S. SMITH, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The Merit Systems Protection Board (board), Docket No. SF075285A0953, denied a motion for attorney fees by Benjamin E. Cayaban (Cayaban) in a decision dated July 31, 1986. In an Opinion and Order dated March 10, 1987, the board reopened, sustaining the denial. We affirm.
 
 OPINION
 
 2
 The Department of the Navy (agency) instituted an action for removal of Cayaban based on charges of disorderly conduct and the use of foul and abusive language against fellow employees relating to an on the job altercation. On appeal to the board only a portion of the charges was sustained and the penalty was mitigated to a 60-day suspension without pay. Sustained was a finding that Cayaban had "participated in the dispute to the extent of exchanging threats and obscenities for two or three minutes, following which the incident terminated." The board dismissed for insufficient evidence the agency's finding that Cayaban "intentionally either incited a renewal of the prior incident, or engaged in provocative behavior with reference to an ongoing incident." Cayaban v. Department of the Navy, 31 M.S.P.R. 40 (1986).
 
 
 3
 Cayaban timely moved for attorney fees as the "prevailing party" under 5 U.S.C. Sec. 7701(g)(1). In an addendum decision issued on July 31, 1986, the board found that Cabayan was the "prevailing party," but denied an award of attorney fees as not warranted in the interest of justice because he had not been "substantially innocent" of the charges:
 
 
 4
 In summary, the appellant's conduct here does not fall within the parameters of substantial innocence * * *. Rather, he engaged in serious misconduct * * *. While he is the prevailing party, this criterion can not be identical to that of the interest of justice * * *.
 
 
 5
 In a subsequent Opinion and Order dated March 10, 1987, the board reopened the matter to examine the case in light of discussion in Van Fossen v. Merit Systems Protection Board, 788 F.2d 748 (Fed.Cir.1986) and Boese v. Department of the Air Force, 784 F.2d 388 (Fed.Cir.1986) bearing on the question of "substantial innocence" under a determination of the interest of justice under 5 U.S.C. Sec. 7701(g)(1). The decision denying entitlement was sustained.
 
 
 6
 In this appeal, Cayaban again claims that he has met the requirements of Sec. 7701(g)(1) for entitlement to attorney fees. Cayaban argues that the "substantial innocence" test has been employed by the board as an "artificial distinction." He proposes that the "extent" of his "victory" as the "prevailing party" should control the question and, moreover: "When counsel obtains significant relief on behalf of an employee before the Board, the attorney should be reasonably compensated for those efforts."
 
 
 7
 We, however, do not hold the board to have been arbitrary or to have committed an abuse of discretion in failing to adopt the proposed "extent of victory" test. The extent of a party's victory is relevant generally to a determination on the "interest of justice." However, prevailing before the board does not automatically entitle the party to attorney fees. Yorkshire v. Merit Systems Protection Board, 746 F.2d 1454, 1457-58 (Fed.Cir.1984) (citing Allen v. United States Postal Service, 2 MSPB 582, 587 (1980)). An applicant for fees certainly must go beyond an agency's failure to prove its charges by preponderant evidence in order to succeed. See Wise v. Merit Systems Protection Board, 780 F.2d 997 (Fed.Cir.1985) (board reversed an agency removal but denied a fee award under substantially innocent standard). The board properly considered closeness of the evidence. See Massa v. Department of Defense, 833 F.2d 991, 993 (Fed.Cir.1987). (The closeness of the evidence is a factor to be considered toward the interest of justice.)
 
 
 8
 The board did not employ the "substantial innocence" factor as an "artificial distinction." A considered evaluation of the evidence supports the board's finding of a nexus between that part of the charges sustained against Cayaban and the basis upon which the agency proceeded. It was neither artificial nor arbitrary for the board to conclude that the portion of the charges sustained--participating in the altercation--was a principal basis for the agency's removal action.
 
 
 9
 A tribunal "may require payment by the agency involved of reasonable attorney fees [if the court] * * * determines that payment by the agency is warranted in the interest of justice * * *." (Emphasis ours.) 5 U.S.C. Sec. 7701(g)(1). The use of the permissive "may" establishes that the court has significant discretion in deciding when an award is proper. See Allen v. United States Postal Service, 2 MSPB 582, 593 (1980). We recognize the factors set forth in Allen as "non-exhaustive directional markers toward defining the 'interest of justice,' " Massa v. Department of Defense, 833 F.2d at 992, and "substantial innocence" is an operative Allen criterion for weighing the necessity for compensation. Id., Van Fossen, 788 F.2d at 749. Accordingly, denial of entitlement to attorney fees was neither an abuse of the board's discretion nor arbitrary, capricious, or otherwise not in accordance with the law. See Steger v. Defense Investigative Service Department of Defense, 717 F.2d 1402, 1404 (Fed.Cir.1983).