846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph P. FERRY, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 87-3507.
 United States Court of Appeals, Federal Circuit.
 March 21, 1988.
 
 Before FRIEDMAN and RICH, Circuit Judges, and BENNETT, Senior Circuit Judge.
 PER CURIAM:
 
 DECISION
 
 1
 Petitioner Joseph P. Ferry has appealed the disallowance of attorney fees by the Merit Systems Protection Board, MSPB Docket No. PH075284A0405. We affirm.
 
 OPINION
 
 2
 Petitioner was removed from civilian employment with the Department of the Navy in 1984. This action was affirmed by the MSPB and then appealed to this court. In an unpublished decision, Ferry v. Department of the Navy, No. 85-2063 (Fed.Cir. Oct. 29, 1985), the court instructed the MSPB to reopen the case for consideration of certain additional matters. This resulted in a reversal of the removal action and mitigation of the penalty to an 8-day suspension. That MSPB decision became final on April 21, 1986. Petitioner then filed for an award of attorney fees which the MSPB denied on August 13, 1986. Fees were denied on the basis that petitioner was not "substantially innocent" of the charges and should not be awarded fees "in the interest of justice." 5 U.S.C. Sec. 7701(g)(1) (1982). That denial was unquestionably correct.
 
 
 3
 Petitioner satisfies the statute's requirement that he must establish that he was the "prevailing party." But, he does not meet the requirement that the payment be "in the interest of justice." The MSPB found that petitioner was AWOL from January 24, 1984 through March 6, 1984. Petitioner failed to give his shop written justification and medical certification for his 6-week absence, in violation of direct instructions of his shop superintendent. On our remand, the board excused his absence from June 9, 1983 through January 23, 1984, based on a Department of Labor decision which found him to be disabled during that period. However, for the unexcused period which was the basis for his suspension, petitioner intentionally refused to provide his agency with the required documentation to justify his absence. This is fatal to his claim of substantial innocence. Wise v. MSPB, 780 F.2d 997 (Fed.Cir.1985).
 
 
 4
 Petitioner's various other grounds for relief sought here have been examined. In view of the foregoing, these contentions do not require discussion. A mitigated penalty does not necessarily require the award of attorney fees. It depends on the facts. Sterner v. Department of the Army, 711 F.2d 1563 (Fed.Cir.1983); Sims v. Department of the Navy, 711 F.2d 1578 (Fed.Cir.1983). Here, petitioner was not vindicated of the charge of AWOL. His suspension was for the efficiency of the service. Petitioner has so stipulated. This is too weak a reed on which to hang a claim for attorney fees in the interest of justice, especially absent any finding by the MSPB of bad faith or harmful procedural error in the suspension penalty on the part of the United States. Petitioner has been well represented by counsel but under the circumstances of this appeal he, and not respondent, is responsible for his attorney fees. The record on appeal gives us no basis for reversal. See 5 U.S.C. Sec. 7703(c) (1982).