George P. SURGENT, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 94–CV–1510.

District of Columbia Court of Appeals.

Argued April 18, 1996.
Decided Oct. 17, 1996.

James M. Eisenmann, with whom Joseph V. Kaplan, was on the brief, Washington, for appellant.

Donna M. Murasky, Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a memorandum in lieu of brief, for appellee.

Before FERREN and FARRELL, Associate Judges, and BELSON, Senior Judge.

**494**

BELSON, Senior Judge:

Appellant challenges the denial of his petition for attorney's fees incurred in defending before the Superior Court the decision of an administrative board which found that the District had improperly terminated him. We are satisfied that the trial court did not abuse its discretion in denying the petition. Accordingly, we affirm.

## I.

Appellant was separated from his position with the Department of Human Services on November 15, 1991, pursuant to D.C. Law 9–47 (1991), a statute amending the D.C. Government Comprehensive Merit Personnel Act of 1978.[1] Subsection (a) of the amending legislation called for the identification and elimination of "excess positions." On October 4, 1991, appellant's position was reclassified. Shortly thereafter, appellant was notified that he would be terminated.

Appellant appealed the separation decision to the Temporary Panel of the Office of Employee Appeals ("TAP"), arguing, among other things, that he had been improperly reclassified. The District of Columbia challenged the jurisdiction of TAP over the claims presented, arguing that reclassification decisions could be appealed only to the Office of Employee Appeals ("OEA"). Normally, decisions related to reductions-in-force ("RIFs") and reclassifications were appealable at the agency level only to the OEA. D.C.Code §§ 1–606.3, –612.2(c), –625.4 (1992 & 1996 Supp.). However, an employee terminated pursuant to D.C. Law 9–47 was given narrower appellate rights, *viz:* "Neither the determination that a specific position is an excess position nor separation pursuant to this section shall be subject to review except ... (2)[t]he employee may file with [TAP] an appeal contesting that the separation procedures of subsections (d) and (e) of this section were not properly applied." D.C. Law 9–47, § 2405(f). Subsection (d) guaranteed the employee at least one round of competition, and subsection (e) provided for thirty days notice of termination. Section 2405(d)

& (e). The District, it appears, argued that the matter at issue concerned appellant's reclassification, which was not within subsection (d) or (e) but was within the generally applicable provision that appeals could be taken only to OEA, thus leaving TAP without jurisdiction.

In a written decision, TAP ruled that it had jurisdiction. Because there was no binding authority, the TAP judge looked to decisions of the Merit System Protection Board ("MSPB"), which determines certain employment issues arising in the context of employment by the federal government. Under the federal scheme, noted TAP, reclassification matters normally fell within the exclusive jurisdiction of the Office of Personnel Management (the federal counterpart to the OEA), but the MSPB had considered those questions when they were entangled with RIFs. The TAP judge reasoned that the instant reclassification was entangled with a RIF, and therefore warranted determination by TAP rather than the OEA.

Not satisfied with TAP's decision, the District filed a petition for review in Superior Court, again challenging the jurisdiction of TAP to determine appellant's claims, particularly the claim that appellant had been improperly reclassified. A year later, before the court ruled on the merits, the District rehired appellant and accordingly withdrew its appeal. Appellant then moved, in Superior Court, for an award of attorney's fees for the costs of defending the TAP decision there.

In a thorough opinion, the Superior Court rejected appellant's arguments, finding ultimately:

> The court is not prepared to say that the District would have prevailed on [its jurisdictional] argument. The fact is, however, that what the District sought was review of the jurisdictional limitations of a relatively new statute. From the face of its brief, as well as Surgent's opposition, the court is satisfied that the District's argument was

---

1. The D.C. Government Comprehensive Merit Personnel Act is codified at D.C.Code § 1–601.1—1–637.2 (1992 & 1996 Supp.). The relevant part of the amending legislation, D.C. Act 9–65, D.C. Law 9–47 (1991), is set forth in full in the annotation to D.C.Code § 1–625.4.

neither clearly without merit, nor that the District should have known that it would not prevail on appeal.

## II.

■ In cases involving the wrongful termination of District employees, attorney's fees incurred in successfully challenging that termination may be awarded to the employee in the same way in which they may under the Federal Back Pay Act (5 U.S.C. § 5596 *et seq.*). *Zenian v. Office of Employee Appeals,* 598 A.2d 1161, 1163 (D.C.1991); *District of Columbia v. Hunt,* 520 A.2d 300, 302–03 (D.C.1987). Under 5 U.S.C. § 5596(b)(1)(A)(ii), an employee who is a prevailing party following administrative and judicial review of an employment decision is eligible to recover reasonable attorney's fees where the payment of fees is warranted in the "interest of justice." 5 U.S.C. § 7701(g). It was within the Superior Court's discretion to determine whether attorney's fees should be awarded in "the interest of justice." *See Sterner v. Department of Army,* 711 F.2d 1563, 1568 (Fed.Cir.1983). In this court, appellant asserts two of the five illustrative interest of justice grounds that the federal Merit Systems Protection Board identified in *Allen v. U.S. Postal Service,* 2 MSPB 582, 2 M.S.P.R. 420 (1980), for awarding fees: (1) that the petition for review was "clearly without merit"; and (2) that the District "knew or should have known that it would not prevail on the merits" in court. *See id.* 2 M.S.P.R. at 434–35.

■ Before addressing appellant's arguments, we note that in *Allen,* the Board set forth other illustrative examples of circumstances in which attorney's fees can be awarded "in the interest of justice": (1) where "the agency engaged in a 'prohibited personnel practice' "; (2) where "the agency initiated the action against the employee in 'bad faith' "; or (3) where "the agency committed a 'gross procedural error' which 'prolonged the proceeding' or 'severely prejudiced' the employee." *Id.* The United States Court of Appeals for the Federal Circuit has approved *Allen*'s "not exhaustive, but illustrative" list of examples that "serve primarily as directional markers toward the interest of justice." *Wise v. Merit Sys. Protection Bd.,* 780 F.2d 997, 999 (Fed.Cir.1985); *see Sterner, supra,* 711 F.2d at 1569. We agree that the five grounds the Board identified in *Allen* are helpful guidelines that aid a court in the exercise of its discretion whether to award attorney's fees. *See Sterner, supra,* 711 F.2d at 1568. They do not, of course, require the court to make an award, nor do they comprise all of the situations in which a discretionary award can be made. *See id.* at 1569–70.

■ It is not our task here to decide whether the position the District initially took in the trial court would have failed. Instead, we must consider whether the Superior Court abused its discretion in denying the fee petition. *See Sterner, supra,* 711 F.2d at 1568. As we discussed above, there were two conflicting provisions at issue, one providing that review of classification decisions was to be accomplished exclusively by OEA, and the other providing that appeals from RIF decisions were to be heard by TAP. *See Knight v. United States,* 982 F.2d 1573, 1583 (Fed.Cir.1993) (attorneys fees denied where question of statutory construction did not necessarily admit of only one answer). Thus, there was at least a colorable argument that TAP did not have the jurisdiction to review the classification decision, and one cannot say that the District's arguments were "clearly without merit" or that the District should have known that they would fail. *See Allen, supra,* 2 M.S.P.R. at 434–35.

■ In addition, we note that the Office of Corporation Counsel, which represents the District of Columbia and ultimately both OEA and TAP, has an obvious interest in seeing to it that the lines of jurisdiction between the District's various agencies and boards are drawn correctly. Here, Corporation Counsel was faced with a situation in which one agency, TAP, was taking a somewhat expansive view of its jurisdiction at the expense of the jurisdiction of another agency,

OEA. In such a situation, the Office of Corporation Counsel can be seen as fulfilling its proper role when it raised a colorable challenge to TAP's decision.[2] Considering all the relevant factors, we hold that the trial court did not abuse its discretion in denying the fees at issue.

Accordingly, the judgment appealed from is

*Affirmed.*

**2.** Corporation Counsel filed no brief on this appeal, but instead filed a "Memorandum in Lieu of Brief." Although there is no provision in this court's rules for the filing of such memoranda, we have long acquiesced in the Corporation Counsel's filing them when the District is essentially a formal party and undertakes to indicate that it agrees with the position taken by one of the other parties. This occurs most frequently where a party who has lost a contested matter before an administrative agency petitions for review in this court and names the agency as respondent. *See, e.g., Chase v. District of Columbia Alcoholic Beverage Control Bd.,* 669 A.2d 1264 (D.C.1995) (neighborhood residents challenged granting of permit); *Ferreira v. District of Columbia Dep't of Employment Servs.,* 667 A.2d 310 (D.C.1995) (private sector employee challenged unemployment ruling); *Hotel Tabard Inn v. District of Columbia Zoning Comm'n,* 661 A.2d 150 (D.C.1995) (adjacent property owner challenged zoning ruling). The prevailing party typically intervenes and files a substantive brief with which the District may express agreement by memorandum. However, in this case the District was an interested litigant and advanced numerous substantive arguments. In such a situation, the District must comply fully with the rules regarding the filing of briefs.