Maurice M. ABRAMSON,
et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 96–338C.

United States Court of Federal Claims.

Oct. 18, 1999.

William W. Thompson, II, Washington, DC, for plaintiff, Michael S. Wolly, Zwer-

dling, Paul, Leibig, Kahn, Thompson & Wolly, Washington, DC, of counsel.

Hillary A. Stern, Washington, DC, with whom was Acting Assistant Attorney General David W. Odgen, for defendant.

## *ORDER*

MILLER, Judge.

This case is before the court on plaintiffs' Petition for Attorneys' Fees, Expenses and Costs, which puts forth as an issue whether plaintiffs, as the prevailing parties, are entitled to recover fees, expenses, and costs associated with the prosecution of this matter under, alternatively, the Back Pay Act, 5 U.S.C. § 5596 (1994), or the Equal Access to Justice Act (the "EAJA"), 28 U.S.C.A. § 2412 (West 1994 & Supp.1999). Argument is deemed unnecessary.

## FACTS

Plaintiffs, who hold various supervisory positions with the United States Government Printing Office ("GPO") in Washington, DC, sought recovery of overtime pay for the period from June 11, 1995, through June 6, 1998. During that period plaintiffs received overtime compensation in the form of compensatory time, rather than traditional overtime pay. This directive was issued pursuant to the Public Printer's apparent discretionary authority under the Kiess Act, 44 U.S.C. § 305 (1994). Charging that this form of compensation was illegal, plaintiffs commenced suit on June 10, 1996.[1]

On November 18, 1998, this court granted plaintiffs' motions for summary judgment and resolution of damages. *See Abramson v. United States,* 42 Fed.Cl. 326 (1998). The court held that plaintiffs were not within the scope of the Kiess Act provision that authorizes compensatory time in lieu of overtime pay for certain GPO employees. *See id.* at 327. The court ruled that under the Back Pay Act plaintiffs were entitled to recover

---

1. A more comprehensive rendition of these facts can be found in the court's earlier opinions. *See Abramson v. United States,* 40 Fed.Cl. 204 (1998) (granting plaintiffs' cross-motion for summary judgment on liability under 5 U.S.C. § 5544(a) (1994), and defendant's motion as to proper salary basis computation); *Abramson v. United States,* 39 Fed.Cl. 290 (1997) (denying plaintiffs' motion to compel).

full back overtime pay, with interest, less an offset for the monetary value of the compensatory time received. *See id.* at 328–29. This disposition of the case followed a grueling set of decisions, on highly complex motions, involving at least one issue of first impression. *See Abramson v. United States,* 40 Fed.Cl. 204 (1998); *Abramson v. United States,* 39 Fed.Cl. 290 (1997).

## DISCUSSION

### 1. *The Back Pay Act standard*[2]

The Back Pay Act provides, in pertinent part, that an employee who has suffered an unwarranted personnel action is entitled to recover back pay "equal to all or any part of the pay ... as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee through other employment during that period." 5 U.S.C. § 5596(b)(1)(A)(i) (1994). An employee who succeeds on a Back Pay Act claim may also be entitled to "reasonable attorney[s'] fees related to the personnel action." 5 U.S.C. § 5596(b)(1)(A)(ii). To qualify for reasonable attorneys' fees, the applicant bears the burden of proving that the award is "warranted in the interest of justice." 5 U.S.C. § 7701(g)(1); *see also Dunn v. Department of Veterans Affairs,* 98 F.3d 1308, 1311 (Fed. Cir.1996); *Massa v. Department of Defense,* 833 F.2d 991, 992 (Fed.Cir.1987). The five-category test used to determine whether attorneys' fees should be awarded in the "interest of justice" is well settled. A court should look to (1) whether the agency engaged in prohibited personnel practices; (2) whether the employee is substantially innocent of the charges and the agency action was clearly without merit or wholly unfounded; (3) whether the agency initiated the action in bad faith; (4) whether the agency committed a gross procedural error that prolonged the proceeding or severely prejudiced the employee; and (5) whether the agency

knew or should have known that it would not prevail on the merits when it brought the proceeding. *See Massa,* 833 F.2d at 992 (citing *Allen v. USPS,* 2 MSPB 582, 592–93, 2 M.S.P.R. 420, 433–35 (1980)). These categories represent "only non-exhaustive directional markers [helpful in] defining 'the interest of justice,'" not a methodological checklist. *Massa,* 833 F.2d at 992 (citing *Sterner v. Department of the Army,* 711 F.2d 1563, 1566–67 (Fed.Cir.1983)). Finally, precedent establishes that within this framework "the court has significant discretion in deciding when an award is proper." *Id.*

A review of the case law reveals the prevalence of a two-tiered approach to attorneys' fee awards under the Back Pay Act. The first line of inquiry is into a plaintiff's relative culpability. *See id.* at 992–93. To be eligible for a fee award, plaintiff must show that he was "substantially innocent" of the agency's charges. *See id.* Although a determination of relatively slight culpability, which is excusable under the circumstances, may not preclude a fee award, *see Van Fossen v. MSPB,* 788 F.2d 748, 751 (Fed.Cir. 1986) (opining that because plaintiff's offense was "technical and very minor," disallowing attorneys' fees would be contrary to the interest of justice), no presumption lies in favor of fees simply because plaintiff was successful in the litigation, *see Dunn,* 98 F.3d at 1313 (detecting no presumption in the law supporting "a per se rule in favor of fees"); *Massa,* 833 F.2d at 992 (finding that the substantially innocent standard "does not mean that anytime an employee prevails ... he is entitled to fees"); *Wise v. MSPB,* 780 F.2d 997, 1000 (Fed.Cir.1985); *Allen,* 2 MSPB at 593 n. 35, 2 M.S.P.R. at 432 n. 35.

Once a plaintiff has satisfied the "substantially innocent" requirement, the second line of inquiry is into the character of the Government conduct. Only when it has been particularly egregious, such that the Government has irreparably prejudiced the employee or callously wasted judicial resources, have the

---

**2.** Nothing precludes an applicant from seeking fees pursuant to both the Back Pay Act and the EAJA. *See Massa v. Department of Defense,* 833 F.2d 991, 994 (Fed.Cir.1987) (citing *Gavette v. Office of Personnel Management,* 808 F.2d 1456, 1464–65 (Fed.Cir.1986)). Because the "EAJA *supplements* the Back Pay Act," the courts have held that in such cases analysis should begin with the Back Pay Act. *Id.*

courts awarded attorneys' fees. *See, e.g., Dunn,* 98 F.3d at 1311; *Massa,* 833 F.2d at 992; *Wise,* 780 F.2d at 999–1000; *Yorkshire v. MSPB,* 746 F.2d 1454, 1456–57 (Fed.Cir. 1984) (determining that fees should be awarded because original agency action was "wholly unfounded" and "clearly without merit"); *Batchelder v. Department of Treasury,* 12 MSPB 227, 228, 14 M.S.P.R. 37, 39 (1982) (finding agency negligent in its conduct if agency "knew or should have known" not to take action, but fact that "presiding official later found charge not supported by preponderance of evidence does not establish that it was negligently brought or clearly without merit").

### 2. *The Equal Access to Justice Act standard*

█ The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.A. § 2412(d)(1)(A). The Government bears the burden of proving that its position was substantially justified. *See Helfer v. West,* 174 F.3d 1332, 1336 (Fed.Cir. 1999). It must show that its position throughout the dispute was " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also Chiu v. United States,* 984 F.2d 711, 715 (Fed.Cir.1991). A determination of what is in "the interest of justice ... must ... rely upon an impartial and rational sense of fairness constrained by practicality." *Massa,* 833 F.2d at 992. Such an inquiry encompasses both the agency's pre-litigation conduct and the agency's subsequent litigation position before the court. *See Commissioner v. Jean,* 496 U.S. 154, 159, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

█ As with the analysis under the Back Pay Act, a review of EAJA cases proves instructive. These cases make clear that the Government's "position can be justified even though it is not correct." *Pierce,* 487 U.S. at 565 n. 2, 108 S.Ct. 2541. All that is required is that the Government have a "reasonable basis in law and fact." *Id.* The courts have been particularly receptive to this defense in matters of novelty or first impression. *See Marcus v. Shalala,* 17 F.3d 1033, 1037 (7th Cir.1994) (holding "that uncertainty in law arising from conflicting authority or novelty of question weighs in the government's favor when analyzing the reasonableness of the government's litigation position"); *Gava v. United States,* 699 F.2d 1367, 1371 (Fed.Cir.1983) (determining no award of EAJA fees because a matter of first impression is far from clear under a reasonable basis standard). Several circuits have adopted a presumptive rule that the Government is substantially justified within the meaning of the EAJA when a question is being addressed for the first time. *See United States v. Douglas,* 55 F.3d 584, 588 (11th Cir.1995); *Hyatt v. Shalala,* 6 F.3d 250, 256 (4th Cir.1993); *TKB Int'l, Inc. v. United States,* 995 F.2d 1460, 1468 (9th Cir.1993); *De Allende v. Baker,* 891 F.2d 7, 12–13 (1st Cir.1989).

The Federal Circuit appears to have also endorsed this presumptive rule, with a special preference for factually complex issues. *See Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States,* 837 F.2d 465, 467 (Fed.Cir.1988) (determining no award of EAJA attorneys' fees because Government's position was substantially justified in light of "the complexity, uniqueness, and newness of the issues"). The governing standard thus allows the Government to advance " 'in good faith ... novel but credible ... interpretations of the law that often underlie vigorous enforcement efforts.' " *Russell v. National Mediation Bd.,* 775 F.2d 1284, 1290 (5th Cir.1985) (quoting H.R.Rep. No. 80–1418 at 11 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4981, 4990). However, a true question of novelty or first impression must be present for the Government's position to be substantially justified. *See Ratnam v. INS,* 177 F.3d 742, 743 (9th Cir.1999) (noting that where case law of circuit ran squarely against Government's position, Government was not substantially justified in relying on first impression simply because other courts elsewhere in the country were more receptive to its arguments).

### 3. *Analysis of the Government's position on the merits*

Plaintiffs contend that a fee award under the Back Pay Act is warranted in the "interest of justice" because the Government's conduct was clearly without merit and the Government knew or should have known that it would not prevail on the merits when it forced plaintiffs to initiate the proceeding.[3] They press their entitlement under the EAJA because the position of the United States was not "substantially justified." Because both claims rely upon an identical underlying factual analysis, the court discusses them together.

 In partial defense of this action the Government advanced the position that 5 U.S.C. § 5544 excluded plaintiffs. This position, admittedly, was contrary to the agency's longstanding interpretation of that statute. Plaintiffs rely almost entirely upon this litigation about-face to support the proposition that a fee award is appropriate. However, consistency is not a requirement under either the Back Pay Act or the EAJA. Once an agency decides on an initial interpretation of a statute, it is not inexorably bound to that position. Nor is an agency estopped by the passage of time from asserting a contrary statutory interpretation which it later asserts to be correct. The Back Pay Act and EAJA standards mandate good-faith and reasonableness, not blind adherence to prior statutory interpretations on a matter on which the courts have not yet spoken.

The issues raised by this litigation were of the highest degree of complexity, each necessitating a exhaustive analysis of the arguments presented. Although the Government advanced a statutory interpretation which was contrary to the agency's long-standing position, the issue was of first impression in the judicial system. Despite ultimately finding for plaintiffs, this court repeatedly credited the reasonableness of the Government's theories on this point. The court expressly held that the Government had "proffered a cogent argument that [plaintiffs] are not covered by section 5544(a)" and that its pro-

posed "interpretation of the relevant statutes [were] reasonable." *Abramson,* 40 Fed.Cl. at 207–08. Finally, the Government exercised sound judgment throughout the proceedings and managed its case in good faith. In this context, evidence of an agency's past statutory interpretation which is contrary to the position advanced in the case at bar, standing alone, is insufficient to meet the requirements for a fee award under either the Back Pay Act or the EAJA.

The fee award statutes were designed to prevent the Government from discouraging suit against it by advancing unreasonable legal arguments and thereby forcing plaintiffs to bear the costs of responding. This is accomplished by shifting these costs back to the Government when the court finds their legal position to be unsupportable. Too often, however, the cumbersome fee award determination process can strain the limited resources of the judiciary to the prejudice of the court's docket. Application of the Back Pay Act and the EAJA, particularly in esoteric cases like the one at bar, should not require the court to relitigate the merits and reassess the competence of defendant's legal theories in terms not only of their legal merit, but also in terms of the margin of failure. This drawback to litigation of fee shifting is particularly evident when, before the Government files an appeal, a court is asked to document all the reasons why the Government had reasonable legal arguments, although the Government did not prevail on them. Thus, the court is invited to undermine its rulings if it considers that the Government was fully justified in seeking a judicial ruling before acceding to a claimant's request for payment. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("A request for attorney's fees should not result in a second major litigation."). If circumstances call for a labyrinthian legal analysis in order to rule on the merits, the case would rarely qualify for a fee award.

---

3. Because no issue is made of plaintiffs' culpability, the court may turn to analysis of the Government's conduct.

## CONCLUSION

Accordingly, for the forgoing reasons, and other reasons stated in defendant's response,[4] plaintiffs' Petition for Attorneys' Fees, Expenses and Costs is denied.

**IT IS SO ORDERED.**

---

4. This ruling makes unnecessary the court's segregating the issues on which plaintiffs did not prevail or reviewing plaintiffs' fee petition as to the amounts claimed.