NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHAWNTAI T. JONES,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2014-3065

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-12-0426-A-1.

---

Decided: November 12, 2014

---

PETER C. LOWN, Peter C. Lown, P.C., of Stockbridge, Georgia, for petitioner.

JOSEPH E. ASHMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before PROST, *Chief Judge,* MAYER and LOURIE, *Circuit Judges.*

PER CURIAM.

Shawntai T. Jones ("Jones") appeals from the final decision of the Merit Systems Protection Board ("the Board") denying her motion for an award of attorney fees. *See Jones v. Dep't of the Army*, No. AT-0752-12-0426-A-1 (M.S.P.B. Nov. 8, 2013) ("*Opinion*"). Because the Board did not err in denying Jones's motion for an award of attorney fees, we *affirm*.

BACKGROUND

Jones was employed by the Army as a biological science technician in the Criminal Investigation Command located in Atlanta, Georgia. On March 21, 2012, the Army removed her from her position for alleged misconduct. She appealed the removal action to the Board, filed an Equal Employment Opportunity ("EEO") complaint, and submitted a claim for unemployment compensation benefits to the Georgia Department of Labor ("GDOL"). On December 18, 2012, a GDOL Administrative Hearing Officer ruled that Jones was entitled to unemployment compensation benefits.

On December 21, 2012, Jones entered into a settlement agreement with the Army in which the Army agreed to set aside its removal action against Jones and allow her to retire from Federal service. In return, Jones agreed to withdraw her Board appeal, EEO complaint, and "any claim before any other State or Federal administrative body or court." Appellee's App. 44. The parties submitted the settlement agreement to the Board, which accepted the agreement and dismissed the appeal. *Jones v. Dep't of the Army*, No. AT-0752-12-0426-I-2 (M.S.P.B. Jan. 3, 2013).

After signing the settlement agreement, Jones took no additional action with respect to her claim for unemploy-

ment compensation benefits, but the Army appealed the benefits ruling within GDOL. On February 15, 2013, GDOL ruled that Jones was not entitled to unemployment compensation benefits.

In March 2013, the Army filed a petition at the Board for enforcement of the settlement agreement, alleging that Jones had failed to abide by the agreement by not withdrawing her claim for unemployment compensation benefits. In an initial decision, the Administrative Judge ("AJ") found that Jones's benefits claim remained pending and granted the Army's petition. *Jones v. Dep't of the Army*, No. AT-0752-12-0426-C-1 (M.S.P.B. Apr. 12, 2013). Jones then withdrew her claim for unemployment compensation benefits, and her attorney filed a notice of compliance with the Board.

On review, the Board overturned the AJ's initial decision and dismissed the Army's petition for enforcement. *Jones v. Dep't of the Army*, No. AT-0752-12-0426-X-1 (M.S.P.B. Aug. 13, 2013). The Board concluded that the provision in the settlement agreement requiring Jones to withdraw her claim for unemployment compensation benefits violated Georgia law, which prohibited such waivers. According to the Board, the provision was therefore void and unenforceable.

Jones subsequently filed a motion at the Board seeking attorney fees incurred in opposing the Army's petition for enforcement of the settlement agreement. In an initial decision, the AJ denied Jones's motion for attorney fees. *Opinion* at 1. The AJ determined that, although Jones was the prevailing party in the enforcement action and she incurred attorney fees relating to that action, "none of the legal work for which she was billed contributed to the ultimate outcome of the case." *Id.* at 5. The AJ found that Jones's attorney billed no hours and filed no pleadings between the date that the attorney notified the Board of Jones's compliance with the initial decision and the

date that the Board issued its final order. *Id.* at 6. The AJ found that "the Board's order amounted to a stroke of good fortune for [Jones] which was completely unconnected to any legal work performed by her attorney." *Id.* at 6–7. Jones did not seek review of the initial decision, and the decision became final.

Jones appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited by statute. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). We accord "great deference to the Board . . . on questions of entitlement to attorney fees." *Dunn v. Dep't of Veterans Affairs*, 98 F.3d 1308, 1311 (Fed. Cir. 1996).

An employee challenging an agency's adverse employment action may recover reasonable attorney fees if the employee is a prevailing party and the payment of attorney fees is warranted in the interest of justice. 5 U.S.C. § 7701(g)(1). In determining whether attorney fees are warranted in the interest of justice, we consider five non-exclusive factors first articulated in *Allen v. U.S. Postal Service*, 2 M.S.P.B. 582, 592–93 (1980) (the "*Allen* factors"). *Dunn*, 98 F.3d at 1311. The five *Allen* factors are:

> (1) Whether the agency engaged in a prohibited personnel practice; (2) [w]hether the agency action was clearly without merit or wholly unfounded, or the employee is substantially innocent of the charges; (3) [w]hether the agency initiated the ac-

tion in bad faith; (4) [w]hether the agency committed a gross procedural error that prolonged the proceeding or severely prejudiced the employee; (5) [w]hether the agency knew or should have known that it would not prevail on the merits when it brought the proceeding.

*Id.* at 1312. The burden is on the petitioner to "show that justice warrants the award." *Id.* at 1311.

Jones argues that she is entitled to attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, because she was a prevailing party and the Army's position was not substantially justified. Jones also contends that, under the fifth *Allen* factor, the Army either knew or should have known that the waiver provision was void at the time the parties signed the agreement. Jones further argues that the claim raised in the Army's enforcement petition was moot from the outset because there was no longer an existing GDOL claim to be withdrawn.

The government responds that the Board rationally concluded that an award was not warranted because Jones sought attorney fees for legal work performed by her attorney that did not contribute to her status as a prevailing party in the Army's enforcement action. The government argues that there is no evidence that the Army either knew or should have known that the waiver provision was void, and in fact, Jones, the Army, and the AJ considered the waiver in the settlement agreement to be valid at the time the Army initiated the enforcement action.

We agree with the government that the Board did not err in denying Jones's motion for attorney fees. As an initial matter, the award of attorney fees in this case is governed by § 7701(g)(1), not the EAJA, 28 U.S.C. § 2412. The EAJA only applies to an award of attorney fees in

civil actions brought in federal court in which the United States is a party:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . .

28 U.S.C. § 2412. As such, "[i]t is well-settled that the law does not permit . . . an attorney fees award under the EAJA for legal services rendered before the Board." *Massa v. Dep't of Defense*, 833 F.2d 991, 992 (Fed. Cir. 1987).

Under § 7701(g)(1), the Board did not err by concluding that attorney fees were not warranted in the interest of justice. Although the Board overturned the AJ's initial decision and dismissed the Army's enforcement action, Jones's attorney performed no work that contributed to the Board's dismissal of the Army's enforcement action. As the Board correctly found, Jones's attorney billed no hours and filed no pleadings between the date that the attorney notified the Board of Jones's compliance with the initial decision and the date that the Board issued its final order. The AJ's conclusion that Jones's attorney should have to have contributed in some manner to her ultimate success is consistent with § 7701(g)(1), which makes an award of fees to a prevailing party discretionary, rather than mandatory. *See Dunn*, 98 F.3d at 1311 ("Under the express terms of section 7701(g)(1), however, [petitioners] do not receive fees merely because they prevailed before the arbitrator.").

Jones argues that, under the fifth *Allen* factor, the Army knew that its enforcement action would be unsuccessful, but there is no evidence in the record to support that assertion. The burden is on Jones to demonstrate

that an award of attorney fees is warranted in the interest of justice, *id.*, but Jones has failed to provide any evidence that the Army was aware or should have been aware of Georgia's waiver prohibition at the time the Army initiated the action. Jones, the Army, and the AJ all considered the provision to be valid at the time the Army initiated the enforcement action.

And finally, although Jones contends that the claim raised in the Army's enforcement petition was moot from the outset because there was no longer an existing GDOL compensation claim to be withdrawn, the Board found that the compensation claim remained pending before the GDOL. Jones fails to point to any evidence in the record indicating that the claim did not remain under consideration by the GDOL.

Thus, the Board did not err in denying Jones's motion for an award of attorney fees. We have considered her remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**

Costs

No costs.