Kugarajah RATNAM, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 97–70000.

United States Court of Appeals,
Ninth Circuit.

Feb. 26, 1999.

Before: FLETCHER, D. W. NELSON,
and SILVERMAN, Circuit Judges.

## ORDER

Petitioner Ratnam seeks an award of attorneys' fees for this appeal pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). We grant fees, but refer the matter to Commissioner Shaw for a recommendation as to the appropriate amount of the award.

EAJA provides, in pertinent part:

[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). It is undisputed that Ratnam is a "prevailing party" in this case. On August 31, 1998, we granted his petition for review of the Board of Immigration Appeals' denial of his application for asylum. We found Ratnam statutorily eligible for asylum and remanded the case for the BIA to exercise its discretion as to whether to grant asylum. *See Ratnam v. INS*, 154 F.3d 990 (9th Cir. 1998). On remand, the BIA granted Ratnam's application for asylum. Thus, Ratnam is a prevailing party under EAJA.

The INS contends, however, that attorneys' fees should not be awarded because its defense of the BIA's denial of asylum was "substantially justified." In order to be substantially justified under EAJA, the government's position must have a "reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see Rueda–Menicucci v. INS*, 132 F.3d 493, 495 (9th Cir.1997). The government has the burden of showing substantial justification for its position. *See Ramon–Sepulveda v. INS*, 863 F.2d 1458, 1459 (9th Cir.1988). The INS does not carry that burden in this case.

The INS offers several reasons for why its defense of the BIA's decision was substantially justified. The most significant of these is the INS's claim that the central issue of this appeal—the nature and quantum of evidence required to establish persecution on account of political opinion where the record contains evidence of other motives for persecution—was a unique issue of first impression. This statement is plainly wrong. Far from presenting an issue of first impression, this case was controlled by our previous decision in *Harpinder Singh v. Ilchert*, 63 F.3d 1501 (9th Cir.1995). We stated this in our opinion granting Ratnam's petition for review. *See Ratnam*, 154 F.3d at 996 (holding that the case was "squarely controlled by *Harpinder Singh*"). Following *Harpinder Singh*'s legal analysis, and recognizing the factual similarities between the two cases, we held that the record compelled reversal of the BIA's decision.[1]

Because the INS fails to show that its defense of the BIA's decision was substantially justified, we hold that Ratnam is entitled to attorneys' fees in this case. We refer the matter to Commissioner Shaw for a recommendation as to the appropriate amount of the award.

SO ORDERED.

---

1. The INS also claims that the BIA's opinion is consistent with case law in other circuits. This is irrelevant to whether the government was substantially justified in this case. Where, as here, the case law of our circuit runs squarely against the government's position, the government is not substantially justified simply because other courts elsewhere in the country may be more receptive to its arguments.