U.S. COMMODITY FUTURES TRADING COMMISSION, Plaintiff,

v.

WECORP, INC., a Hawaii company; Stuart W. Jones, an individual; and Payton Lowe, an individual, Defendants,

Gary V. Dubin, an individual; Gary Duck, an individual; and Nathan P. Ramos, an individual, Relief Defendants.

No. 2:09–CV–00153–PMP.

United States District Court, D. Hawai'i.

July 23, 2012.

Derrick K. Watson, Office of the United States Attorney, Honolulu, HI, Jeff Le-Riche, Jennifer J. Chapin, Jo Mettenburg, U.S. Commodity Futures Trading Commission, Kansas City, MO, for Plaintiff.

Stuart W. Jones, Vista, CA, pro se.

Payton Lowe, Hilo, HI, pro se.

Gary Duck, Vista, CA, pro se.

Nathan P. Ramos, Hilo, HI, pro se.

Frederick J. Arensmeyer, Dubin Law Offices, Honolulu, HI, for Relief Defendants.

## ORDER

PHILIP M. PRO,[2] District Judge.

Before the Court is Relief Defendant Gary Dubin's ("Dubin") Motion for Attorney's Fees and Costs (Doc. # 286), filed on April 24, 2012. Plaintiff Commodity Futures Trading Commission ("CFTC") filed an Opposition (Doc. # 291) on May 21, 2012. Dubin filed a Reply (Doc. # 293) on June 4, 2012.

The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary. Dubin moves for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. CFTC opposes, arguing Dubin has not met his initial burden under the statute of showing the CFTC's position was not substantially justified or that he meets the eligibility requirements in the statute. CFTC also argues Dubin should not be awarded fees or costs where his own litigation tactics prolonged the lawsuit. CFTC further contends Dubin cannot be awarded fees for

---

2. The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

work performed by his own law firm's associate who represented Dubin in this case. Finally, CFTC argues Dubin's fees are unreasonable.

Dubin replies that he can recover for his associate's fees, as the fees represent lost opportunity costs. Dubin represents that he meets the eligibility requirement for recovery of fees and he will provide a supplement to establish that fact if necessary. Finally, Dubin contends he met his initial burden because he asserted that CFTC's position was frivolous, the CFTC was overreaching with its initial request for relief, and CFTC brought the relief defendant claim against Dubin without sufficient investigation or evidentiary basis.

■ A court generally may not award costs or attorney's fees against the United States absent a statute directly authorizing such an award. *United States v. Chem. Found.*, 272 U.S. 1, 20, 47 S.Ct. 1, 71 L.Ed. 131 (1926). The EAJA is a partial waiver of the United States' sovereign immunity authorizing a court to award costs and attorney's fees against the United States in certain circumstances. *W. Watersheds Project v. Interior Bd. of Land Appeals*, 624 F.3d 983, 985 (9th Cir.2010). Specifically, § 2412(a)(1) authorizes an award of costs. Section 2412(b) authorizes an award of attorney's fees where the United States would be liable for such fees to the same extent that any other party would be liable under statutory or common law. Finally, § 2412(d)(1)(A) authorizes an award of attorney's fees unless the court finds the United States' position was substantially justified or other circumstances would make an award of fees unjust.

### A. Jurisdiction

■ The parties do not address whether the Court has jurisdiction to award costs and fees against the United States under the EAJA where the Court has dismissed the CFTC's claim against Dubin for lack of jurisdiction. However, the Court has an independent obligation to examine its own jurisdiction. *Hartman v. Summers*, 120 F.3d 157, 159 (9th Cir.1997).

By its terms, the EAJA authorizes an award of costs or fees only by a court having jurisdiction of the action. 28 U.S.C. §§ 2412(a)(1), (b), (d)(1)(A); *see also Zambrano v. I.N.S.*, 282 F.3d 1145, 1149–50 (9th Cir.2002) ("In order for a court to award fees under the EAJA, it must have jurisdiction over the underlying action."). Here, the Court had jurisdiction over the underlying action, which CFTC brought pursuant to the Commodity Exchange Act, 7 U.S.C. § 1, *et seq. See* 28 U.S.C. § 1331. Additionally, the Court had jurisdiction to determine its jurisdiction over Dubin as a Relief Defendant. (*See* Order (Doc. # 57) at 4–7.) The Court therefore has jurisdiction to award costs and fees under the EAJA.

### B. Costs Under § 2412(a)(1)

Pursuant to § 2412(a)(1), the Court may award the prevailing party costs against the United States. Only costs set forth in 28 U.S.C. § 1920 are awardable. 28 U.S.C. § 2412(a)(1). Any such judgment for costs against the United States must be "limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." *Id.*

■ The CFTC does not dispute Dubin is a prevailing party within the EAJA's meaning, and CFTC does not specifically address why costs should not be awarded under § 2412(a)(1). This section does not preclude an award of costs where the United States' position was substantially justified, as does an award of attorney's fees under § 2412(d)(1)(A). Nor does it require Dubin to demonstrate he meets the

eligibility requirements in § 2412(d)(2)(B), which applies only to a claim for attorney's fees under subsection (d). *Id.* § 2412(d)(2)(B) (defining "party" in part to mean an individual with a specified net worth, but only "[f]or purposes of this subsection"). A cost award under § 2412(a)(1) also is not subject to denial or reduction for the prevailing party's unreasonable protraction of the proceedings. *Id.* § 2412(d)(1)(C) (allowing the court to reduce or deny an award pursuant to "this subsection" to the extent the prevailing party unreasonably protracted the proceedings).

■ The Court therefore will allow costs under § 2412(a)(1) and § 1920. However, the Court will reduce the costs claimed as follows. Dubin requests printing and copying costs for various documents in the case, and Dubin charges for five or three copies of each listed document. (Attorney Gary Victor Dubin's Mot. for Attorney's Fees & Costs (Doc. # 286), Ex. 2 ["Bill of Costs"] at 1–7.) However, Dubin does not explain why five, or sometimes three, copies of each document were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Court will allow Dubin printing and copying costs for one copy of each document at Dubin's requested rate of fifteen cents per page. Additionally, as the parties provided the Court with courtesy copies in this case, the Court will allow printing and copying costs for one copy of each document over fifty pages. The Court also will allow printing and copying costs in the amount of $3,050.25 for the category in Dubin's Bill of Costs which Dubin identifies as "production of documents." (Bill of Costs at 8.) Unlike the other copies listed in Dubin's Bill of Costs, Dubin identifies why five copies of the "production of documents" were obtained, and the Court will allow those costs in full. The Court therefore will allow printing and copying costs in the amount of $3,744.45. The Court also will allow $679.20 in deposition costs pursuant to § 1920(2). The Court therefore will direct the Clerk of Court to enter Judgment in Dubin's favor in the amount of $4,423.65 for costs under § 2412(a)(1).

### C. Attorney's Fees Under § 2412(b)

■ Pursuant to § 2412(b), a court may award the prevailing party reasonable attorney's fees against the United States. Under § 2412(b), the United States is "liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." For example, the "common law allows a court to assess attorney's fees against a losing party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Rodriguez v. United States,* 542 F.3d 704, 709 (9th Cir.2008) (quotation omitted).

Dubin does not identify any basis under a statute or the common law for awarding attorney's fees under § 2412(b) in this action. To the extent Dubin is asserting bad faith under the common law, the Court finds no bad faith supporting an award of attorney's fees. As discussed below, CFTC's position was substantially justified, and Dubin therefore cannot show bad faith. *See Foster v. Tourtellotte,* 704 F.2d 1109, 1111 (9th Cir.1983) ("[B]y affirming the finding that the Government demonstrated substantial justification for its position, we necessarily affirm the finding that [the prevailing party] failed to demonstrate bad faith.").

### D. Attorney's Fees Under § 2412(d)(1)(A)

■ Pursuant to § 2412(d)(1)(A), a court "shall award" attorney's fees to a "prevailing party other than the United

States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." A position is substantially justified if it has a "reasonable basis in law and fact." *Ratnam v. INS*, 177 F.3d 742, 743 (9th Cir. 1999) (quotation omitted). The United States' position "must be substantially justified at each stage of the proceedings." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir.2008) (quotation omitted). However, in making this determination, the court should "treat[ ] a case as an inclusive whole, rather than as atomized line items." *Al–Harbi v. INS*, 284 F.3d 1080, 1084–85 (9th Cir.2002) (quotation omitted). The United States bears the burden of showing its position was substantially justified. *Ratnam*, 177 F.3d at 743. Whether to award fees under the EAJA, including the determination of whether the United States' position was substantially justified, lies within the court's discretion. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir.2001).

 In his Motion, Dubin does not specifically request fees under § 2412(d)(1)(A). To the extent Dubin intended to move for fees under this subsection, the Court, in its discretion, concludes fees are not warranted because the United States' position was substantially justified. The parties were operating in a relatively novel area of the law, particularly in its application to an attorney as a relief defendant. CFTC nonetheless had sufficient facts and related supportable legal arguments to withstand multiple motions to dismiss or for summary judgment.[1] *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 382 (7th Cir.2010) (stating "there is a presumption that a government case strong enough to survive both a motion to dismiss and a

motion for summary judgment is substantially justified"). The Court was unable to reach a conclusive determination until the parties fully developed the factual record. Moreover, the United States' position in response to Dubin's final motion for summary judgment was supported by reasonable factual and legal arguments given the unique factual and legal issues, although the Court ultimately rejected those arguments. The United States' position therefore was substantially justified at each stage of the proceedings.

To the extent Dubin seeks fees related to the scope of the United States' initial requested relief against Dubin, the Court evaluates the United States' position as a whole rather than focusing on isolated acts or arguments. Moreover, the Court denied the United States' requested relief before Dubin was served in the action, and thus he did not incur attorney's fees specifically related to opposing the relief the Court denied.

### E. Conclusion

IT IS THEREFORE ORDERED that Relief Defendant Gary Dubin's Motion for Attorney's Fees and Costs (Doc. # 286) is hereby GRANTED in part and DENIED in part. The Motion is granted to the extent that the Court hereby directs the Clerk of Court to enter Judgment in favor of Relief Defendant Gary Dubin on his Bill of Costs in the amount of $4,423.65 pursuant to 28 U.S.C. § 2412(a)(1). The Motion is denied in all other respects.

---

1. *See* Orders (Doc. # 40, # 57, # 140).