**Dennis DUNN and Frank
Ruiz, Petitioners,**

v.

**DEPARTMENT OF VETERANS
AFFAIRS, Respondent.**

No. 95–3732.

United States Court of Appeals,
Federal Circuit.

Oct. 23, 1996.

Rehearing Denied; Suggestion for
Rehearing In Banc Declined
Dec. 11, 1996.

Daniel Minahan, Minahan & Shapiro, P.C., of Lakewood, CO, argued, for petitioners.

Stephanie M. Jackson, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Assistant Director.

Before NEWMAN, MAYER, and RADER, Circuit Judges.

RADER, Circuit Judge.

An arbitrator denied Dennis Dunn and Frank Ruiz attorney fees under the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii) (1994). Mr. Dunn and Mr. Ruiz seek review of the arbitrator's decision. Because the arbitrator did not abuse his discretion or otherwise violate the law, this court affirms.

## BACKGROUND

Mr. Dunn and Mr. Ruiz were employed in the pharmacy center at the Department of Veterans Affairs Medical Center, Omaha, Nebraska. Mr. Dunn was a pharmacist and Mr. Ruiz a pharmacy technician.

On July 8, 1993, there was a series of tragic events that eventually led to the dismissal of Mr. Dunn and Mr. Ruiz. The agency charged that Mr. Dunn and Mr. Ruiz mistakenly labeled packages of Mivacron, a powerful neuromuscular blocker, as Metronidazole, an anti-bacterial agent. Four patients at the Medical Center received the mislabeled drug. All four suffered cardiac

and respiratory arrest. One later died. The agency discharged Mr. Dunn and Mr. Ruiz for negligence that contributed to the death and injury of these patients.

Mr. Dunn and Mr. Ruiz appealed the agency action and sought arbitration. After an extensive hearing, the arbitrator sustained the charges. Specifically, the arbitrator found Mr. Dunn and Mr. Ruiz culpable in the mistaken administration of Mivacron to the patients. At the same time, because systemic failures at the Medical Center contributed significantly to the tragedy, the arbitrator mitigated Mr. Dunn's and Mr. Ruiz's penalties. In particular, the arbitrator noted the similarity in the manufacturer's labeling of Mivacron and Metronidazole, the proximity of storage locations for the two drugs, and the failure of the administering nurses to confirm that they had the proper drugs. For these reasons, the arbitrator mitigated the dismissal sanction for Mr. Dunn and Mr. Ruiz to four weeks suspension without pay.

After they were reinstated, Mr. Dunn and Mr. Ruiz filed a request for attorney fees. The arbitrator denied their request. Mr. Dunn and Mr. Ruiz now seek this court's review of the denial of attorney fees.

## DISCUSSION

■ This court reviews an arbitrator's decision "in the same manner" as decisions of the Merit Systems Protection Board (Board). 5 U.S.C. § 7121(f) (1994); *Brook v. Corrado,* 999 F.2d 523, 526 (Fed.Cir.1993). Thus, this court will uphold the arbitrator's denial of attorney fees unless that decision was arbitrary, capricious, an abuse of discretion, or otherwise unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Frank v. Department of Transp.,* 35 F.3d 1554, 1556 (Fed.Cir. 1994). Furthermore, this court accords great deference to the Board (or an arbitrator standing in the place of the Board) on questions of entitlement to attorney fees. *See Grubka v. Department of Treasury,* 924 F.2d 1039, 1041 (Fed.Cir.1991).

■ Mr. Dunn and Mr. Ruiz originally requested attorney fees under the Back Pay Act. Attorney fee awards under the Back Pay Act must meet the standards set forth in the Civil Service Reform Act, 5 U.S.C. § 7701(g) (1994). *Sims v. Department of Navy,* 711 F.2d 1578, 1579–81 (Fed.Cir.1983). The Civil Service Reform Act states:

[T]he Board ... may require payment by the agency involved of reasonable attorney fees incurred by an employee ... if the employee ... is the prevailing party and the Board ... determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

5 U.S.C. § 7701(g)(1).

Thus, two prerequisites govern the award of attorney fees in this case. *See Sterner v. Department of Army,* 711 F.2d 1563, 1565–66 (Fed.Cir.1983). First, Mr. Dunn and Mr. Ruiz must show that they prevailed on their claims before the arbitrator. *Id.* Second, Mr. Dunn and Mr. Ruiz must show that justice warrants the award. *Id.*

■ To satisfy the first requirement, a party "need not have completely prevailed on every issue, but only have substantially prevailed, or have prevailed on a significant portion of his claims." *Id.* at 1566–67. Both this court and the Board have held that mitigation of an employee's punishment may qualify the employee as a prevailing party. *See Van Fossen v. Merit Sys. Protection Bd.,* 788 F.2d 748, 749 n. 5 (Fed.Cir.1986); *Shelton v. Office of Personnel Management,* 42 M.S.P.R. 214, 217 (1989); *Depte v. Veterans Admin.,* 20 M.S.P.R. 362, 363–64 (1984). Because the arbitrator mitigated their removals to thirty-day suspensions, Mr. Dunn and Mr. Ruiz qualify as prevailing parties.

■ Under the express terms of section 7701(g)(1), however, Mr. Dunn and Mr. Ruiz do not receive fees merely because they prevailed before the arbitrator. *See Sterner,* 711 F.2d at 1570. The Civil Service Reform Act expressly limited the availability of fees to cases in which such an award serves the "interest of justice." 5 U.S.C. § 7701(g)(1). This court looks to five non-exclusive categories—first articulated by the Board in *Allen v. United States Postal Serv.,* 2 MSPB 582, 2

M.S.P.R. 420, 434–35 (1980)—to determine whether justice warrants a fee award:

(1) Whether the agency engaged in a prohibited personnel practice;

(2) Whether the agency action was clearly without merit or wholly unfounded, or the employee is substantially innocent of the charges;

(3) Whether the agency initiated the action in bad faith;

(4) Whether the agency committed a gross procedural error that prolonged the proceeding or severely prejudiced the employee;

(5) Whether the agency knew or should have known that it would not prevail on the merits when it brought the proceeding.

*Sterner,* 711 F.2d at 1569. *See also Massa v. Department of Defense,* 833 F.2d 991, 992 (Fed.Cir.1987); *Yorkshire v. Merit Sys. Protection Bd.,* 746 F.2d 1454, 1456 (Fed.Cir. 1984).

■ This case only calls into question categories two and five. Under category two, the decision-maker examines the final result of the employee's appeal to the Board or arbitrator to determine whether the original agency action clearly lacked merit in light of the final result. *See Yorkshire,* 746 F.2d at 1457. To satisfy category two, however, an employee must show more than an overall victory. *See id.* at 1458 n. 7; *Sterner,* 711 F.2d at 1570. Rather, the final result must vindicate the employee as "substantially innocent" or disclose that the original agency action was "wholly unfounded" or "clearly without merit." *See Yorkshire,* 746 F.2d at 1456–57.

■ Not by a long shot can Mr. Dunn and Mr. Ruiz satisfy this standard. Far from vindicating the appellants, the arbitrator found them culpable in the mistaken administration of Mivacron to patients. Rather than declaring Mr. Dunn and Mr. Ruiz innocent, the arbitrator declared: "[T]heir lack of care in assuring that the labels correctly identified the contents of the IV bags made them culpable." Notwithstanding certain systemic failures, the arbitrator continued, Mr. Dunn and Mr. Ruiz had inexcusably neglected their "fundamental responsibilities to make absolutely certain that the labels accurately portrayed the contents of all IV bags." As the arbitrator noted, "heavy discipline [of Mr. Dunn and Mr. Ruiz] is appropriate." Indeed the arbitrator took care to note that the mitigated penalty for Mr. Dunn and Mr. Ruiz was still "the maximum he imposes short of discharge." By no means did the arbitrator exonerate Mr. Dunn and Mr. Ruiz. Moreover, the findings of culpability and the imposition of a penalty just short of discharge dispel any notion that the agency's original decision to discharge was "without merit."

This court's decision in *Van Fossen* does not compel a different conclusion. 788 F.2d 748. In *Van Fossen,* an employee sought attorney fees following mitigation of his penalty from removal to a thirty-day suspension. *Id.* at 748. The court rejected a rigid rule urged by the Board that would have denied fees under *Allen* category two whenever the Board sustained the underlying charges against the employee, regardless of whether the penalty was mitigated. *Id.* at 750. According to the court, "[t]hat mechanical position disregards the nature and weight of the particular offenses, and treats fleas as always the equivalent of elephants." *Id.* Because the charges against Van Fossen were "technical and very minor," the court sustained an award of fees in the interest of justice. *Id.* at 751 (Van Fossen engaged in outside employment without acquiring prior authorization).

Unlike *Van Fossen,* this case involves charges of a serious and grave nature. On *Van Fossen*'s flea-elephant scale, mislabeling of dangerous drugs resulting in a fatality lies toward the mammoth end. The arbitrator found that Mr. Dunn's and Mr. Ruiz's negligence led to the death of one patient and the injury of three others. Under these circumstances, this court has no reservation about affirming the arbitrator's determination that fees are not warranted under *Allen* category two. *See id.* at 750 ("The gravity and circumstances of the offenses sustained are important factors in determining whether and to what extent fees should be allowed.").

■ Turning to *Allen* category five, the employee must show that the agency knew or should have known, at the time of its original action, that it could not sustain the charges on appeal. *See Yorkshire,* 746 F.2d at 1457. A negligently conducted investigation might give rise to an affirmative finding under category five. *Id.* However, a reversal of the agency's action, in itself, does not show that the agency proceeded negligently. *See Wise v. Merit Sys. Protection Bd.,* 780 F.2d 997, 999–1000 (Fed.Cir.1985); *Sims,* 711 F.2d at 1582.

■ In this case, the agency decided to remove Mr. Dunn and Mr. Ruiz only after considering the seriousness of the offense and Mr. Dunn's and Mr. Ruiz's responsibility for the tragedy. For instance, the agency considered that Mr. Dunn and Mr. Ruiz, although not in supervisory positions, were nonetheless responsible for patient care. The agency also considered the impact of such negligence by a pharmacy staff on the reputation of the agency. The agency thus properly weighed the factors for determining a penalty. *See Douglas v. Veterans Admin.,* 5 MSPB 313, 5 M.S.P.R. 280, 305–06 (1981) (enumerating factors for determining a proposed penalty).

The agency also compared the severity of the penalties imposed on Mr. Dunn and Mr. Ruiz with the penalties imposed on other agency employees involved in the Mivacron tragedy. On this point, at least one agency decision-maker testified to his belief that Mr. Dunn and Mr. Ruiz were ultimately responsible and deserved a harsher penalty than other employees. Although the arbitrator at length disagreed with the agency's penalty decision, the record does not show the agency made its original judgment negligently or in disregard of relevant facts. Under these circumstances, the arbitrator did not abuse his discretion in finding that category five did not justify an award of fees.

The arbitrator did not commit error by avoiding comment on the Board's decision in *Lambert v. Department of Air Force,* 34 M.S.P.R. 501 (1987). In *Lambert,* an administrative judge sustained the agency's charge against an employee, but mitigated the penalty from removal to a sixty-day suspension.

*Id.* at 503. The administrative judge also awarded the employee attorney fees. *Id.* In upholding the award, the Board stated: "fees will generally be warranted under [category five] when all of the charges are sustained and yet the Board mitigates the penalty imposed, unless the Board's decision to mitigate is based upon evidence that was not presented before the agency." *Id.* at 507.

Since *Lambert,* the Board has properly rejected any per se rule in favor of fees in cases where the charges are sustained but the penalty is mitigated. *See Nickerson v. United States Postal Serv.,* 55 M.S.P.R. 92, 95 n. 3 (1992). Nonetheless, the Board has on occasion suggested that *Lambert* creates a presumption that fees are warranted in such cases. *E.g., Brunning v. General Servs. Admin.,* 63 M.S.P.R. 490, 494 (1994). This court detects in the law no such presumption.

■ Contrary to a presumption, section 7701(g)(1) imposes two separate requirements for a fee award. *Sterner,* 711 F.2d at 1565–66. *See also Wise,* 780 F.2d at 999; *Yorkshire,* 746 F.2d at 1458 n. 7; *Sims,* 711 F.2d at 1581. The employee bears the burden of proving compliance with both conditions. *Sterner,* 711 F.2d at 1566. Moreover, penalty mitigation alone does not create a presumption in favor of satisfaction of any of the *Allen* factors. *See Sims,* 711 F.2d at 1582 ("That the employee's punishment was mitigated from removal to a 10–day suspension does not, in itself, strike us as a circumstance which warrants—in the interest of justice—an award of attorney's fees...."). A presumption of fees upon mitigation of a penalty runs counter to the statutory requirement that the employee show that the interests of justice warrant an award. *See also* S.Rep. No. 95–969, at 61 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2783 (commenting on section 7701(g)(1): Attorney fees "should not become ... the ordinary practice in cases which the employee wins.").

The arbitrator did not abuse his discretion or commit legal error in determining that, although petitioners did prevail, the interests of justice did not warrant an award of fees.

Accordingly, this court affirms the arbitrator's denial of fees.

### COSTS

Each party shall bear its own costs.

*AFFIRMED.*