NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER ADELEKE,**
*Petitioner,*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2013-3161

---

Petition for review of an arbitrator's decision by James M. Klein.

---

Decided: January 8, 2014

---

PETER ADELEKE, of LaVerne, California, pro se.

JOSEPH E. ASHMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before LOURIE, DYK, and WALLACH, *Circuit Judges.*

PER CURIAM.

Peter Adeleke ("Adeleke") petitions for review of an arbitrator's decision denying his request for attorney fees after he successfully challenged an action by the United States Customs and Immigration Service ("USCIS") to remove him from federal service. Because the arbitrator's decision is in accordance with law and was supported by substantial evidence, we affirm.

BACKGROUND

Adeleke is employed as an Immigration Officer at USCIS and his duties involve the administration of benefits. During a routine background investigation in 2011, Adeleke responded to a questionnaire that he was not living with a cohabitant and that he did not have "close and/or continuing contact with foreign nationals within the last 7 years" with whom he was "bound by affection, influence, and/or obligation." Resp't's App. at 22. In December 2011, USCIS began investigating whether Adeleke failed to disclose that he had cohabited with a foreign national who was not lawfully admitted into the United States, which Adeleke denied in a sworn statement in February 2012. However, based on evidence obtained from its investigation, USCIS concluded that Adeleke had cohabited with such a foreign national. The agency's Table of Penalties provides that the penalty for a first offense of lack of candor ranges from a reprimand to removal. *Id.* at 39–40. Accordingly, USCIS removed Adeleke from federal service in September 2012.

Adeleke challenged the removal action and sought arbitration of the dispute. During a hearing before an arbitrator, Adeleke admitted that he had cohabited with the foreign national and lied to USCIS about it. *Id.* at 26. In April 2013, the arbitrator issued a decision finding that USCIS had a sufficient basis and a legitimate interest in disciplining Adeleke for lack of candor, but the arbitrator mitigated the penalty to a reprimand because Adeleke's

"lack of candor [did] not appear to have any direct bearing on his job duties which involve the management of benefits." *Id.* at 30. The arbitrator ordered that Adeleke be reinstated to his previous position with a full restoration of seniority, back pay, and reimbursement of any lost fringe benefits. *Id.* at 31.

Adeleke then submitted a request for attorney fees, asserting that he was entitled to a fee award because (1) USCIS initiated the removal action in bad faith, and (2) USCIS knew or should have known that it would not prevail on the merits when it brought the action. The arbitrator denied the request under both theories. *Id.* at 17–18. The arbitrator reasoned that "[t]he Agency had a legitimate interest in disciplining the Grievant for his lack of candor," that "the Agency completed a thorough investigation, and devoted significant resources to pressing the charges against the Grievant because, ultimately, the Grievant lied," and that "there were significant tax dollars spent in this investigation as a result of the Grievant's conduct." *Id.* The arbitrator thus concluded that USCIS did not initiate the removal action in bad faith and did not know and should not have known that it would not prevail in removing Adeleke. The arbitrator denied Adeleke's subsequent request for reconsideration. Adeleke petitions for review by this court.

## DISCUSSION

We review a decision of an arbitrator "in the same manner" as a decision by the Merit Systems Protection Board ("the Board"). 5 U.S.C. § 7121(f). The scope of our review in an appeal from a Board decision is limited. We can only set aside the decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *See Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d

1307, 1311 (Fed. Cir. 2003). Thus, we will uphold an arbitrator's denial of attorney fees "unless that decision was arbitrary, capricious, an abuse of discretion, or otherwise unlawful, procedurally deficient, or unsupported by substantial evidence." *Dunn v. Dep't of Veterans Affairs*, 98 F.3d 1308, 1311 (Fed. Cir. 1996). A decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted). Moreover, an arbitrator has considerable discretion in determining whether an award of attorney fees is warranted in the interest of justice and we accord great deference to such a decision. *Dunn*, 98 F.3d at 1311; *see also Grubka v. Dep't of Treasury*, 924 F.2d 1039, 1041 (Fed. Cir. 1991); *Sterner v. Dep't of Army*, 711 F.2d 1563, 1571 (Fed. Cir. 1983).

Adeleke does not challenge the arbitrator's finding that USCIS did not initiate the removal action in bad faith. Adeleke asserts, however, that USCIS should have known that it would not prevail in removing him. Adeleke argues that under *Lambert v. Air Force*, 34 M.S.P.R. 501 (1987), "[t]he only thing that matters . . . is whether [USCIS's] chosen penalty was sustained after a hearing, and whether the reasons for mitigation of the penalty were known to the Agency before they took the action." Reply Br. 4. Adeleke contends that USCIS had known that his job duties only involved the administration of benefits, which was ultimately the basis that the arbitrator mitigated his penalty. Adeleke also argues that the arbitrator improperly considered the expenditure of tax dollars in the investigation conducted by USCIS.

The government responds that the arbitrator correctly concluded that USCIS did not know and should not have known that its removal action would be unsuccessful. The government argues that USCIS expended significant resources in investigating Adeleke's false statements and

in seeking to remove him, which demonstrated that USCIS had believed that its action would be successful. The government contends that when USCIS removed Adeleke, there was no authority mandating that removal for giving false statements would be inappropriate when the false statements did not directly relate to an employee's job responsibilities. The government maintains that USCIS guidelines placed removal within the range of appropriate penalties. The government argues that we have rejected a rule that the successful mitigation of a penalty creates a presumption for awarding attorney fees.

We agree with the government. An employee challenging an agency's adverse employment action may recover reasonable attorney fees if the employee is a prevailing party and the payment of attorney fees is warranted in the interest of justice. 5 U.S.C. §§ 5596(b)(1)(A)(ii); 7701(g). "[M]itigation of an employee's punishment may qualify the employee as a prevailing party." *Dunn*, 98 F.3d at 1311. To determine whether attorney fees are warranted in the interest of justice, we consider factors including "[w]hether the agency knew or should have known that it would not prevail on the merits when it brought the proceeding." *Id.* at 1311–12 (citing *Allen v. U.S. Postal Serv.*, 2 M.S.P.B. 582, 592–93 (1980) (the fifth *Allen* factor)).

The Board in *Lambert* stated that "fees will generally be warranted under [the knew or should have known] category when all of the charges are sustained and yet the Board mitigates the penalty imposed, unless the Board's decision to mitigate is based upon evidence that was not presented before the agency." *Lambert*, 34 M.S.P.R. at 507. "Since *Lambert*, [however,] the Board has properly rejected any per se rule in favor of fees in cases where the charges are sustained but the penalty is mitigated" and we have specifically rejected "a presumption that fees are warranted in such cases." *Dunn*, 98 F.3d at 1313. We have held that "penalty mitigation alone does not create a

presumption in favor of satisfaction of any of the *Allen* factors." *Id.* ("A presumption of fees upon mitigation of a penalty runs counter to the statutory requirement that the employee show that the interests of justice warrant an award.").

Accordingly, the arbitrator's mitigation of the penalty of removal to a reprimand does not create a presumption that an award of attorney fees is warranted in the interest of justice. The arbitrator properly considered relevant evidence to determine whether the fifth *Allen* factor was met, *i.e.*, whether USCIS knew or should have known that it would not prevail in the removal action. The arbitrator noted that USCIS conducted a careful investigation and concluded that Adeleke gave false statements in responding to the questionnaire and during the investigation by USCIS, which Adeleke admitted after his removal. Under USCIS guidelines, removal was within the range of penalties for giving false statements. Substantial evidence thus supports the arbitrator's finding that USCIS did not know and should not have known that it would not prevail in the removal action. Given that finding (and the admitted lack of bad faith), the denial of fees is in accordance with law.

We have considered Adeleke's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the arbitrator is affirmed.

## AFFIRMED

### COSTS

No costs.