NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AFGE LOCAL 3438,**
*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent*

---

2021-1972

---

Petition for review of an arbitrator's decision in No. 200417-05577 by Edward M. Davidson.

---

Decided: May 25, 2022

---

PETER HARRIS, Music City Disability LLC, Nashville, TN, argued for petitioner.

MILES KARSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* LOURIE, in which REYNA and CHEN, *Circuit Judges*, join.

Additional views filed by *Circuit Judge* REYNA.

LOURIE, *Circuit Judge*.

AFGE Local 3438 ("AFGE") appeals from an arbitration decision denying its request for attorney fees. *AFGE Local 3438 v. Soc. Sec. Admin.*, No. 200417-05577 (Mar. 18, 2021) (Davidson, Arb.) (decision available at J.A. 30–32) ("Arbitration Decision"). Because AFGE does not have standing to appeal that denial, we *dismiss* this appeal for lack of jurisdiction.

## BACKGROUND

Sarah Kidwell is a claims specialist at the Social Security Administration ("SSA"). In November 2019, the agency indefinitely suspended Kidwell based on allegations that she violated policies prohibiting transfer of confidential information to others, in this case, to her father.

Under 5 U.S.C. § 7121(e)(1), a government employee may challenge a disciplinary action by appealing to the Merit Systems Protection Board (the "Board"). Alternatively, if the employee is represented by a collective bargaining agreement containing a provision for a grievance process, the employee may appeal to an arbitrator using the negotiated grievance procedure. Kidwell elected to have her grievance heard through binding arbitration in accordance with a collective bargaining agreement with AFGE. She was represented in that proceeding by AFGE. The arbitrator found in Kidwell's favor, concluding that the SSA imposed the penalty "without meeting the burden of reasonable cause and in contravention of its own past practice." J.A. 9.

After Kidwell prevailed on the merits, AFGE filed a request for attorney fees pursuant to the Back Pay Act. *See* 5 U.C.S. § 5596; *see also* 5 U.S.C. § 7701(g). The Back Pay

Act "authorizes 'reasonable attorney fees' when an agency employee has prevailed, and the fees are warranted in the interest of justice." *Raney v. Federal Bureau of Prisons*, 222 F.3d 927, 930 (Fed. Cir. 2000).

The arbitrator denied AFGE's motion for attorney fees. He found that the SSA's "disciplinary decision was premature[,]" and therefore reversed the decision; hence he concluded that Kidwell was the prevailing party. Arbitration Decision at J.A. 32. But he also determined that payment of attorney fees was not warranted in the interest of justice because the agency's issuance of its indefinite suspension was "not prohibited or meritless" and "there was sufficient evidence to conclude [that Kidwell] likely violated the [a]gency's internal policies on distribution of [personally identifiable information]." *Id.* AFGE appealed.

## DISCUSSION

Our review in this case is governed by a combination of 5 U.S.C. § 7703(a)(1) and 5 U.S.C. § 7121(f). 5 U.S.C. § 7703(a)(1) states that "[a]ny employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision." 5 U.S.C. § 7121(f) states that § 7703 "shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the Board." *See Dunn v. Dept. of Veterans Affairs*, 98 F.3d 1308, 1311 (Fed. Cir. 1996) ("This court reviews an arbitrator's decision 'in the same manner' as decisions of the Merit Systems Protection Board.").

As a prerequisite to our exercise of jurisdiction, we must consider whether AFGE has standing to appeal from the Arbitration Decision before reaching the merits.

AFGE contends that it has associational standing to pursue its interest on behalf of its members. "[T]he Supreme Court has recognized that an association may have

standing to assert the claims of its members, even where the association itself has not suffered injury from the challenged action." *Reid*, 793 F.2d at 279.  To succeed, AFGE argues that it must only prove (1) "its members would otherwise have standing to sue in their own right," (2) "the interests it seeks to protect are germane to [its] purpose," and (3) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).  AFGE argues that it satisfies the three prongs of the *Hunt* test.  AFGE argues that (1) Kidwell could "as a client sue for the denial of attorney fees," (2) "the issue of obtaining attorney fees paid for by AFGE on behalf of its members is germane to its representational functions," and (3) "members of a labor organization do not need to be personally involved in litigating over an [a]ttorney fee dispute that was paid for by the organization because the [a]ttorney fee matter provides no personal stake for them . . . ."  Appellant's Reply Br. 11–12.

AFGE also argues that this court should reject "a literal statutory construction" of 5 U.S.C. § 7703(a)(1).  *Id.* at 6.  AFGE argues that "to rule that a union does not have standing to pursue review of a denial of attorney fees, which were paid by the union, not the employee, would lead to [an] absurd result or otherwise fly in the face of legislative intent and be in direct opposition to clearly defined law . . . ."  *Id.* at 4.

We conclude that we do not have jurisdiction to hear this appeal.  We are bound both by the statute, and by our precedent interpreting that statute.

We analyzed the governing statute, 5 U.S.C. § 7703(a)(1), in *Reid*.  We concluded that "Congress, in using the term 'employee' in § 7703(a)(1) and in defining that term to mean an individual, has exercised its legislative prerogative to impose a prudential limitation on the exercise of this court's jurisdiction over adverse decisions of the

MSPB." *Reid*, 793 F.2d at 284. "Since the right of appellate review under § 7703(a)(1) is phrased in terms of 'any employee or applicant for employment,' the logical conclusion is that Congress intended to narrowly circumscribe the party who may initiate appellate review . . . ." *Id.* at 283. AFGE is admittedly neither an employee nor an applicant for employment, and thus cannot seek review of the Arbitration Decision on its own behalf. Notably, Kidwell did not herself appeal for attorney fees as she did not pay them.

We followed up the *Reid* decision with nonprecedential decisions in *Senior Executives Association* and *Tierney*. *See Senior Execs. Ass'n v. Office of Personnel Mgmt.*, 1997 U.S. App. Lexis 10023 (Fed. Cir. 1997); *Tierney v. Immigration and Naturalization Serv.*, 75 Fed. App'x 756 (Fed. Cir. 2003). While our decision here, and in *Reid*, may be unsatisfactory to some, our role is to follow a statute and our precedent. As we explained in *Reid*, "[t]he remedy for any dissatisfaction with the results in particular cases lies with Congress and not this court. Congress may amend the statute, we may not." *Reid*, 793 F.2d at 284 (citations omitted).

In addition to the clear statute and established precedent, AFGE failed to demonstrate that it fulfills the *Hunt* prerequisites for associational standing. With regard to *Hunt*'s first prong, AFGE failed to explain how Kidwell would have standing to appeal. On the contrary, AFGE stated that if "the Union simply named the employee as the petitioner, not only would that be unethical (as the employee is not a real party at interest as they have paid no [a]ttorney fees whatsoever and have no personal stake in the outcome either way) it would present [a] further ethical dilemma regarding the sharing of fees with non-attorneys and put the Union in [an] untenable position . . . ." Appellant's Reply Br. 8. AFGE concedes that the attorney fees at issue here were paid by AFGE. *See, e.g.*, *id.* at 2–3. Thus, AFGE's statements contradict its argument that Kidwell would have standing to appeal from the Arbitration Decision. Since AFGE failed to satisfy the first prong

of the *Hunt* test for associational standing, we do not need to address the second and third prongs. Finally, we note that *Hunt*, although a decision of the Supreme Court, was not decided in the face of a clear statute limiting the right to an appeal for attorney fees, as this one was.

Accordingly, we lack jurisdiction over AFGE's appeal, and therefore do not evaluate the merits of the Arbitration Decision denying AFGE's request for attorney fees.

CONCLUSION

We have considered AFGE's remaining arguments, but we find them unpersuasive. For the reasons discussed above, we *dismiss* this appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**AFGE LOCAL 3438,**
*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent*

_____

2021-1972

_____

Petition for review of an arbitrator's decision in No. 200417-05577 by Edward M. Davidson.

_____

REYNA, *Circuit Judge*, additional views.

I write separately to express my belief that the statutory scheme surrounding appeals of arbitration decisions in federal employee grievances leads to the absurd result that while only a union may invoke binding arbitration, the same union lacks standing to appeal the result of that arbitration.

I agree that we do not have jurisdiction to hear AFGE Local 3438's ("AFGE") appeal in this case. Under 5 U.S.C. § 7121(e)(1), a federal employee has the option to pursue arbitration of a grievance or an appeal before the Merit Systems Protection Board (the "Board"). If the result of the arbitration is appealed, judicial review is provided in the

same manner and under the same conditions as a Board appeal.  5 U.S.C. § 7121(f).

Only individuals can appeal Board decisions.  The statute provides that "[a]n employee or applicant for employment" may appeal for judicial review of a Board decision.  5 U.S.C. § 7703(a)(1).  We interpret the term "employee" to mean an individual and not a union.  *Reid v. Dep't of Commerce*, 793 F.2d 277, 282 (Fed. Cir. 1986).  As a result, only an individual may appeal an arbitration decision, not a union.

But only a union may invoke binding arbitration to resolve an employee grievance.  5 U.S.C. § 7121(b)(1)(C)(iii); *Reid*, 793 F.2d at 282; *Am. Fed'n of Gov't Emps., Council of Prison Locs., Loc. 1286 v. U.S. Dep't of Justice*, 738 F.2d 742, 745 (6th Cir. 1984)).  This statutory scheme concerning arbitration appeals yields an absurd result.  If a union is required to invoke binding arbitration, then the union should have standing to appeal the subsequent decision to this court.  For example, here, AFGE is required to invoke binding arbitration but prohibited from appealing the arbitration decision.

There apparently are two avenues for fixing this Catch 22 result—through Congress or through this court.  "Congress may amend the statute; we may not."  *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 576 (1982).  *See also Am. Fed'n of Gov't Emps.*, 738 F.2d at 747–48; *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 123–24 (1980); *Reiter v. Sonotone Corp.*, 442 U.S. 330, 344–45 (1979).  Section 7121(f) provides that arbitration decisions are appealed in the same manner as Board decisions.  A key Congressional amendment to this provision that would allow a union to appeal arbitration decisions would rectify the problem seen in this case.

The other possible avenue for addressing this problem is for this court to revisit its decision in *Reid*.  This court is limited to enforcing a statute "according to its

terms . . . unless a literal interpretation would lead to an incongruous result." *Reid*, 793 F.2d at 281. The current statutory scheme produces an incongruous result.

In *Reid*, we reasoned that because a union has no right to represent an employee before the Board, a union also has no right to represent an employee before this court. *Reid*, 793 F.2d at 283 (citing S.Rep. No. 969, 95th Cong., 2d Sess. 102–03). We explained that employees can choose between appealing grievances to the Board or using the negotiated procedure. An employee that chooses the negotiated procedure can be represented only by a union. *Id.* An employee that chooses to appeal to the Board may choose their representative. *Id.* Thus, we reasoned, a union has neither a right nor an obligation to represent an employee before the Board. Because a union does not have an independent right to represent an employee before the Board, it "would be anomalous to conclude that a union nevertheless has standing to appeal from the [Board] to this court under § 7703(a)(1)." *Reid*, 793 F.2d at 283.

But the anomaly now is that a union has a right and an obligation to represent an employee in arbitration proceedings but does not have standing to appeal the result. Further, it is anomalous that an employee cannot invoke binding arbitration but nevertheless has standing to appeal. Obviously, we cannot amend the statute. And given our decision in *Reid*, this court would be reluctant, and perhaps correctly so, to revisit this issue. At the end of the day, these anomalies are the necessary result of the statutory scheme created by Congress and must be corrected, if at all, by Congress.