# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JACQUELINE D. BROWN,
     Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
     Agency.

DOCKET NUMBER
SF-0752-14-0816-A-1

DATE: January 12, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen Goldenzweig, Esquire, Houston, Texas, for the appellant.

Wendy E. Musell, Esquire, Oakland, California, for the appellant.

William R. Fenner, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Leavitt issues a separate dissenting opinion.

## FINAL ORDER

The agency has filed a petition for review of the addendum initial decision, which awarded the appellant $67,105.72 in attorney fees and costs. Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The agency removed the appellant from her Transportation Security Inspector position based on charges of submitting false reports, failure to follow directions, and failure to exercise due diligence.  *Brown v. Department of Homeland Security*, MSPB Docket No. SF-0752-14-0816-I-1, Initial Appeal File (IAF), Tab 7 at 46-59.  The appellant appealed her removal to the Board, and the administrative judge issued an initial decision finding that the removal penalty was not within the tolerable limits of reasonableness and mitigating the removal penalty to a demotion to a Transportation Security Officer position and a 30-day suspension.  *Brown v. Department of Homeland Security*, MSPB Docket No. SF-0752-14-0816-I-1, Initial Decision at 42-45 (June 26, 2015).  The Board affirmed the initial decision.  *Brown v. Department of Homeland Security*, MSPB Docket No. SF-0752-14-0816-I-1, Final Order (I-1 Final Order) (Jan. 19, 2016).

¶3        The appellant thereafter filed a motion for attorney fees and costs seeking $104,173.02 for the two attorneys who represented her in the removal appeal: Wendy Musell and Stephen Goldenzweig.  *Brown v. Department of Homeland Security*, MSPB Docket No. SF-0752-14-0816-A-1, Attorney Fees File, Tab 1.  The administrative judge issued an addendum initial decision partially granting the motion, finding that the appellant was a prevailing party, an attorney-client relationship existed, and fees were warranted in the interest of justice.  *Brown v. Department of Homeland Security*, MSPB Docket No. SF-0752-14-0816-A-1, Addendum Initial Decision (AID) at 4-6 (July 14, 2016).  After examining the reasonableness of the fees requested, however, the administrative judge reduced the award to $67,105.72.  AID at 6-13.

¶4        The agency has filed a petition for review challenging the addendum initial decision.  Petition for Review (PFR) File, Tab 1.  The appellant has responded in opposition to the petition for review, and the agency has replied.  PFR File, Tabs 3-4.

¶5        To receive an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that:  (1) she was the prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of attorney fees is warranted in the interest of justice; and (4) the amount of attorney fees claimed is reasonable.  *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 5 (2015).  The agency has not challenged the appellant's prevailing party status, her having incurred attorney fees pursuant to an existing attorney-client relationship, or the reasonableness of the award, and we discern no basis to disturb these findings.  We accordingly limit our review of the addendum initial decision to whether an award of attorney fees is warranted in the interest of justice.

¶6        An award of attorney fees may be warranted under section 7701(g)(1) in the interest of justice when:  (1) the agency engaged in a prohibited personnel practice; (2) the agency action clearly was without merit or wholly unfounded, or

the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *See Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980). An award of attorney fees need only be premised on one category of entitlement under *Allen*. *See Payne v. U.S. Postal Service*, 79 M.S.P.R. 71, 72 n.* (1998). The administrative judge found that an award of attorney fees was warranted in this case because the agency knew or should have known that it would not prevail on the merits. AID at 5-6. As discussed below, we agree with the administrative judge's findings, and we need not consider whether the appellant established an entitlement to an award of attorney fees under any of the other *Allen* categories. *See Payne*, 79 M.S.P.R. at 72 n.*.

¶7        An agency's penalty selection is part of the merits of a case. *See Caryl v. Department of the Treasury*, 57 M.S.P.R. 76, 78 (1993). When the Board sustains the charges in an adverse action appeal but mitigates the penalty based on evidence before, or readily available to, the agency at the time it took the action, an award of attorney fees is warranted in the interest of justice because the agency knew or should have known that its choice of penalty would not be upheld. *See Del Prete v. U.S. Postal Service*, 104 M.S.P.R. 429, ¶ 7 (2007), *overruled on other grounds by Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 11 (2011). Penalty mitigation alone, however, does not create a presumption in favor of satisfaction of any of the *Allen* factors. *Dunn v. Department of Veterans Affairs*, 98 F.3d 1308, 1313 (Fed. Cir. 1996).

¶8        Here, we agree with the administrative judge's finding that attorney fees are warranted under the "knew or should have known" category because the Board sustained the charges, but mitigated the penalty based on evidence before, or readily available to, the agency at the time it took the action. AID at 5-6. As the administrative judge properly found, each of the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981), that warranted mitigation

of the penalty in this case were known or readily available to the deciding official when he made the decision to remove the appellant. AID at 5 (citing *Del Prete*, 104 M.S.P.R. 429, ¶ 11 (finding that fees were warranted under the fifth *Allen* category when no new information was introduced at the hearing that was unavailable to the agency before it removed the appellant)). Further, as the administrative judge properly explained, the Board agreed that the deciding official's evaluation of the *Douglas* factors was lacking and that the agency did not prove the reasonableness of the penalty. AID at 5; I-1 Final Order, ¶ 9.

¶9  The Board in *Allen* described category 5 as including circumstances in which the agency prepared or presented its case so negligently as to make it a foregone conclusion that the action could not be sustained on the record. *Allen*, 2 M.S.P.R. at 435 n.37. Similarly, the U.S. Court of Appeals for the Federal Circuit has held that if the agency never possessed trustworthy, admissible evidence, or was negligent in its conduct of the investigation, then the agency knew or should have known not to take the action and fees are warranted in the interest of justice. *Yorkshire v. Merit Systems Protection Board*, 746 F.2d 1454, 1457 (Fed. Cir. 1984); *see also Dunn*, 98 F.3d at 1313 (holding that a negligently conducted investigation might give rise to an affirmative finding under *Allen* category 5).

¶10  As indicated above, the Board found in its final decision on the merits that the deciding official's evaluation of the relevant *Douglas* factors was lacking because he "appeared to admit in his testimony that he did not consider, in the context of the proper penalty for the submitting of false reports charge, the appellant's job level, record of experience, length of service, lack of prior discipline, ability to get along with her coworkers, and any stress, job tensions, or personality issues." I-1 Final Order, ¶ 9. The Board also agreed with the administrative judge that the appellant did not engage in a deliberate pattern of misconduct concerning the falsification charge, but found that the deciding official failed to consider this in his *Douglas* factor analysis. *Id.*, ¶¶ 7, 10. More

specifically, the deciding official testified that he "read" each of the *Douglas* factors, Hearing Transcript 2 (HT 2) at 9, 18-19, and that he reviewed the proposal and the appellant's response to the proposal, *id.* at 10. He testified that he "will look" at any mitigating or aggravating factors that may apply, *id.* at 10-11, and that he reviewed the agency's table of penalties, which he claimed called for removal for a charge of making a false statement, *id.* at 13-14. Nevertheless, the deciding official also testified that he did not consider the appellant's job level and experience in her position because "[h]aving length of service is not an excuse for falsifying a report," and "[w]hether you're there a short period of time or whether you're a tenured or seasoned inspector, if you falsify a report, you falsify a report." *Id.* at 20-21. He testified that a lack of prior discipline would not be a mitigating factor in this case because "it was a . . . removal" and the table of penalties for a proposed removal did not provide for "mitigating action." *Id.* at 21. To the extent that the deciding official was strictly following the agency's table of penalties, which indicated that there is only a "recommended" and "aggravated" penalty range of removal for falsification, with the "mitigated" penalty range for that offense described as "N/A," it appears that he did not understand that the table of penalties also indicated that it "does not replace supervisory judgment for determining appropriate penalties in individual cases," and that "[m]anagement officials have the discretion to go outside the ranges listed in this guide if they determine that circumstances warrant." IAF, Tab 7 at 383, 392. Under *Douglas* and the Board's caselaw, consistency of the penalty with any applicable table of penalties is only one of the factors relevant for consideration in determining the penalty. *See, e.g.*, *Zazueta v. Department of Justice*, 94 M.S.P.R. 493, ¶ 8 (2003), *aff'd*, 104 F. App'x 166 (Fed. Cir. 2004).

¶11    The deciding official further testified that he did not consider the appellant's past work record, including length of service, performance in Oakland, California, ability to get along with coworkers, and dependability "for the same reasons, falsifying a report," given that "[n]one of that would have any

bearing on falsifying a report." HT 2 at 21-22. He testified that "having a stellar work record is not cause to mitigate falsifying a report." *Id.* at 22. All of the above testimony was elicited on direct examination by the agency's representative. In fact, in response to the question from the agency's representative, "[d]id you consider any mitigating circumstances?," the deciding official testified, "[n]o, I did not." *Id.* at 26; *see also id.* at 35. He testified that such mitigating circumstances as unusual job tensions, personality problems, mental impairment, harassment, bad faith, malice, or provocation on the part of others were not considered because they did not "provide cause to falsify a report." HT 2 at 27. On cross-examination, the deciding official also testified that he considered the notoriety of the offense to be an aggravating factor even though the misconduct was not made known to the public or the airlines. *Id.* at 74-75. A review of the agency's proposal and decision notices show that the acting officials only considered the appellant's length of service and lack of prior discipline as mitigating factors. IAF, Tab 7 at 56, 92; *see* HT 2 at 39.

¶12        The Board's *Douglas* factors have been in effect since 1981, yet the deciding official did not apply them in this case. Fees are therefore warranted in the interest of justice under *Allen* category 5 because the agency was negligent in preparing and presenting its case, i.e., the deciding official negligently considered the *Douglas* factors. A negligently conducted *Douglas* factor analysis, such as occurred here, fits within *Allen* category 5's description of a negligently prepared or presented case, as well as the court's references to a negligently conducted investigation that warrants a finding that the agency knew or should have known that it would not prevail on the penalty aspect of its burden of proof. Moreover, this case is distinguishable from *Dunn* and *Adeleke v. Department of Homeland Security*, 551 F. App'x 1003 (Fed. Cir. 2014). In those cases, the court found that the agency did not make its original judgment negligently or in disregard of relevant facts. Similarly, *Sims v. Department of the Navy*, 711 F.2d 1578, 1579 (Fed. Cir. 1983), is distinguishable because the court held in that case that the

agency could not have known, nor should it have known when it took the action in 1979, that the Board's 1981 *Douglas* decision, which required agencies to demonstrate consistency in the imposition of penalties on employees charged with similar offenses, would be issued and applied retroactively.

¶13    Although the agency argues that much of the evidence relied on by the administrative judge in mitigating the penalty was not known to the deciding official prior to rendering his decision, PFR File, Tab 1 at 11-20, the standard is whether the agency *knew or should have known* that it would not prevail on the merits, *Allen*, 2 M.S.P.R. at 434-35.  We find that the administrative judge properly considered the evidence and reasonably concluded that the agency knew or should have known—based on information readily available to it when it brought the proceeding—that it would not prevail on the merits.  AID at 5-6; *see Del Prete*, 104 M.S.P.R. 429, ¶ 11.  Accordingly, we affirm the initial decision.

## ORDER

We ORDER the agency to pay attorney fees and costs in the amount of **$28,258** to the appellant's former counsel, Wendy Musell, Esquire.  The agency must complete this action no later than 20 days after the date of this decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We ORDER the agency to pay attorney fees and costs in the amount of **$38,847.72** to the appellant's counsel, Stephen Goldenzweig, Esquire.  The agency must complete this action no later than 20 days after the date of this decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it

carry out the Board's Order.  The appellant and the attorney, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.

¶1     The Board "may" award attorney fees to "the prevailing party" when it "determines that payment by the agency is warranted in the interest of justice." 5 U.S.C. § 7701(g)(1).  Both of these prerequisites must be fulfilled in order for fees to be awarded.  *Sterner v. Department of the Army*, 711 F.2d 1563, 1565-66 (Fed. Cir.), *cert. denied*, 462 U.S. 1122 (1983).  An appellant may be deemed to have prevailed, and thus be *eligible* for an award of attorney fees, where, as here, the agency-imposed penalty is mitigated as a result of her appeal.  *See id.* at 1567. This is distinct from whether the appellant is *entitled* to such an award because fees are warranted in the interest of justice.  *Id.* at 1565-67; *see also Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 428 (1980) (the "interest of justice" standard cannot be coextensive with the "prevailing party" requirement).   As to entitlement, the question is not whether attorneys should be paid for their success, but rather, whether the Government must bear the burden of payment.  *Sims v. Department of the Navy*, 711 F.2d 1578, 1583 (Fed. Cir. 1983).

¶2     The Board has held that an attorney fee award may be warranted in the interest of justice under the following circumstances:  (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits.  *Allen*, 2 M.S.P.R. at 434-35.  The majority finds an award of fees is warranted in this case under *Allen* category 5 because the agency

purportedly knew or should have known that it would not prevail on the merits. For the reasons set forth below, I respectfully dissent.

¶3      *Allen* category 5 "may include circumstances in which the agency prepared or presented its case so negligently as to make it a foregone conclusion that the action could not be sustained on the record established before the Board." *Id.* at 435 n.37. In analyzing a request for fees under category 5:

> [T]he appropriate procedure is to appraise the agency's decision to carry through the action against the employee. If the agency never possessed trustworthy, admissible evidence, or if the agency was negligent in its conduct of the investigation, then the agency 'knew or should have known' not to take the action. Attorney's fees are then warranted in the interest of justice.

*Yorkshire v. Merit Systems Protection Board*, 746 F.2d 1454, 1457 (Fed. Cir. 1984); *see Kent v. Office of Personnel Management*, 33 M.S.P.R. 361, 367 (1987) ("If it is found that the agency was negligent . . . or that it lacked a reasonable and supportable explanation for its position, then it can be concluded that the agency knew or should have known that it could not prevail") (citing *Yorkshire*, 746 F.2d at 1457).

¶4      The fact that the Board finds a charge is not supported by preponderant evidence does not establish that it was negligently brought. *Wise v. Merit Systems Protection Board*, 780 F.2d 997, 999-1000 (Fed. Cir. 1985) (considering whether it was "unreasonable for the deciding official to remove petitioner based on the charges and information available to him *at that time*") (citing *Batchelder v. Department of the Treasury*, 14 M.S.P.R. 37, 39 (1982)). Similarly, penalty mitigation alone does not establish that an award of fees is warranted in the interest of justice. *See Dunn v. Department of Veterans Affairs*, 98 F.3d 1308, 1313 (Fed. Cir. 1996); *Sims*, 711 F.2d at 1582. For instance, in *Dunn*, the Federal Circuit considered whether "the agency made its original judgment negligently or in disregard of relevant facts." *Dunn*, 98 F.3d at 1313. Although the penalty in *Dunn* was mitigated, the petitioners were nonetheless found guilty of serious

offenses with tragic consequences, and the Federal Circuit agreed that an award of fees was not warranted under *Allen* category 5, notwithstanding the arbitrator's lengthy disagreement with the agency's penalty decision. *Id.* at 1312-13.

¶5 Here, the administrative judge found the agency proved its charge of submitting false reports by preponderant evidence, sustaining two of the agency's seven specifications. *Brown v. Department of Homeland Security*, MSPB Docket No. SF-0752-14-0816-I-1, Initial Decision (ID) at 6-17 (June 26, 2015). Notably, the administrative judge concluded the appellant made two false statements on an official inspection report—in both instances falsely claiming to have provided airline employees with accurate information concerning security procedures despite knowing she had actually provided them with incorrect information—for the purpose of "obtaining supervisory approval on her report and avoiding further edits or performance counseling." ID at 7-12. The Board affirmed these findings, which the appellant did not challenge. *See Brown v. Department of Homeland Security*, MSPB Docket No. SF-0752-14-0816-I-1, Final Order, ¶ 3 n.2 (Jan. 19, 2016).

¶6 The Board has frequently stated that the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibility, is the most important factor in assessing the reasonableness of a penalty. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18. It is well-settled that falsification is a serious offense that affects an employee's reliability, veracity, trustworthiness, and ethical conduct. *O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 20 (2016), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017). In my view, the fact that not all of the falsification specifications were sustained does not substantially diminish the gravity of the sustained charge. All Federal employees are expected to be trustworthy and to maintain high standards of integrity. *Parsons v. Department of the Air Force*, 21 M.S.P.R. 438, 446 (1984). Although falsification will not invariably result in removal, as the circumstances of each individual case must be considered, *see id.*, the Board has found removal

to be a reasonable penalty for a first offense of falsification with no prior discipline. *See, e.g.*, *O'Lague*, [123 M.S.P.R. 340](#), ¶ 20 (upholding the penalty of removal for a first offense of falsification with no prior discipline); *Wheeler v. Department of the Army*, [47 M.S.P.R. 240](#), 246-47 (1991) (the appellant's past work record and lack of disciplinary history were insufficient to warrant mitigation of the penalty of removal for falsification due to the seriousness of the offense); *Delessio v. U.S. Postal Service*, [33 M.S.P.R. 517](#), 521 n.4 ("removal is a reasonable penalty for the sustained falsification charge with or without reference to prior discipline"), *aff'd*, 837 F.2d 1096 (Fed. Cir. 1987) (Table).

¶7 The agency's action comported with these well-established principles. As a Transportation Security Inspector, the appellant was responsible for conducting security inspections, "ensuring security compliance," and "serv[ing] as a technical expert and agency point of contact on transportation security regulations." *Brown v. Department of Homeland Security*, MSPB Docket No. SF-0752-14-0816-I-1, Initial Appeal File (IAF), Tab 7 at 420. In light of the appellant's "failure to record [her] inspection activity, truthfully," the deciding official lost trust in the appellant's "ability to carry out [her] responsibilities as a Transportation Security Inspector in a trustworthy and credible manner." *Id.* at 55. The deciding official "felt that the seriousness of the offense did not warrant a lesser penalty than removal." Hearing Transcript 2 at 27. He testified, "Having length of service is not an excuse for falsifying a report . . . having a stellar work record is not cause to mitigate falsifying a report . . . . Stress, tension, personality issues . . . does not justify falsifying a report." *Id.* at 21-22, 27. He also relied on the agency's Table of Penalties, which indicates removal is appropriate for falsification, even for a first offense. *Id.* at 13-14; IAF, Tab 7 at 392.

¶8 Given the seriousness of the sustained falsification specifications alone, I do not believe the agency acted negligently in deciding to remove the appellant. This is simply not a case where the agency never possessed trustworthy,

admissible evidence in support of its chosen penalty. Although the penalty was ultimately mitigated, the agency had a reasonable, supportable basis for its action when it was taken. Accordingly, I would find an award of fees is not warranted in the interest of justice in this matter.


/s/
_____
Tristan L. Leavitt
Member